**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. SHAREHOLDER LITIGATION | : : : : | Case No. 13-cv-02100-SLR |

**PLAINTIFFS' OPPOSITION
TO DEFENDANT BERNHARD KOEHLER'S
MOTION FOR REARGUMENT**

Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
ROSENTHAL MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, Delaware 19801
(302) 656-4433
nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

**OF COUNSEL:**

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 261-3553
Email: ko@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: tcollins@bm.net
bpodell@bm.net

October 7, 2015

## INTRODUCTION

On September 9, 2015, after more than 300 pages of briefing, this Court issued a 50-page Memorandum Opinion ("Opinion") in which it exhaustively analyzed the facts and the law, and granted in part and denied in part Defendants' motions to dismiss.[1] Defendant Bernhard Koehler ("Koehler"), formerly Fisker Automotive's Chief Operating Officer, now asks the Court to revisit its decision, arguing that Mr. Koehler should have been dismissed completely from this case. Koehler's motion attempts to recast and/or ignores the well-pled allegations in the Complaint, Plaintiffs' response to Defendants' motions to dismiss, and the Court's Opinion. Koehler even asks the Court "in the interest of justice" to reverse itself based on an argument Koehler admits that *he did not make* in his original motion to dismiss. In short, Koehler's motion for reconsideration lacks any basis meriting a reversal of the Court's conclusions in its Opinion.

## LEGAL STANDARD

A motion for reconsideration, also known as a motion for reargument, is "sparingly granted." L.R. Civ. 7.1.5. Importantly, "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Carrier Corp. v. Goodman Global, Inc.*, 2014 U.S. Dist. LEXIS 125246 at *3 (D. Del. Sept. 8, 2014) (Robinson, J.) (denying motion for reconsideration) (citations omitted). Nor is it an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

---

[1] The Court: (i) granted Defendants' motions to dismiss Plaintiffs' claims for violations of Section 12(a)(2) of the Securities Act of 1933 ("Securities Act"); (ii) denied Defendants' motions to dismiss Plaintiffs' claims under Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder (except as to defendant McDonnell); and denied Defendants' motions to dismiss claims pursuant to Section 20(a) of the Exchange Act. (D.I. 69).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). When a party seeks reconsideration only on the last of these three grounds, such a motion generally will be sustained only if the court patently misunderstood the party, made a determination outside of the adversarial issues initially presented, or made an error not of reasoning, but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Koehler's motion meets none of these standards.

## ARGUMENT

### I.    Koehler Bases His Motion on a Mischaracterization of Plaintiffs' Theory of Liability for Koehler

Koehler begins his argument by stating that Plaintiffs "did not dispute" Koehler's assertion in his motion to dismiss that "Plaintiffs failed to identify any false or misleading statements made by Mr. Koehler that could serve as the predicate for Rule 10b-5 liability." Def. Br. at 2, 3. This assertion mischaracterizes Plaintiffs' claims and the Opinion, in which the Court held that Plaintiffs' claims regarding material omissions in Fisker Automotive's offering documents were adequately pled.

Specifically, Plaintiffs pled that the offering documents, which all Defendants (except McDonnell) had a role in creating, approving and disseminating to Plaintiffs, omitted material information and were thus materially false and misleading. *See* Amended Complaint at ¶¶149-54; Plaintiffs' Brief in Opposition to Defendants' Motions to Dismiss ("Pl. Opp. Br." or "D.I. 52") at 20-21 (identifying the "ATVM Loan Omissions", the "NHTSA Recall Omission", the

3

"Cash Burn Omissions" and the "Key Personnel Omission"); 40-50 (demonstrating that all Defendants (except McDonnell) bore a duty to disclose these omissions in *inter alia*, Fisker Automotive's offering documents). Plaintiffs also demonstrated that the Complaint adequately pled Defendants' (including Koehler's) scienter in omitting that material information from, *inter alia*, Fisker Automotive's offering documents. *Id.* at 59-67, 68-73. The Court unambiguously sustained these allegations against Koehler and the other Defendants (except McDonnell) based on the detailed facts pled in the Complaint.

Despite this, Koehler argues that "[t]he Court [wrongly] held . . . that Mr. Koehler, amongst other Defendants, could be held liable for statements made in the offering documents related to investments in Fisker Automotive." Def. Br. at 2 (emphasis added). Koehler argues that the Court's Opinion held that only Fisker Automotive's defendant directors -- not its officers -- were liable for the material misrepresentations and omissions in the offering documents, asserting, incorrectly, that the Court held that only Fisker Automotive's Board "had control and authority" over those documents and were "likely involved in their creation and dissemination." *Id.* at 2-3 citing Opinion at 33-34. Koehler then states that "Plaintiffs failed to allege any other facts suggesting that the statements in [Fisker Automotive's] offering documents could be attributed to Mr. Koehler for purposes of Rule 10b-5" and that the Court should have dismissed those claims against him. *Id.* at 3. Koehler's statements are flat wrong on multiple fronts.

First, the Court expressly noted at p.33, n.27 of its Opinion that "Plaintiffs allege that all defendants except McDonnell had a duty to disclose related to the offering documents." (Emphasis added.) Thus, the Court clearly included Koehler, the co-founder of Fisker Automotive's predecessor and Fisker Automotive's then Chief Operating Officer, when referring to "all defendants" -- not just Fisker Automotive's directors, as Koehler incorrectly argues.

4

Second, with respect to facts demonstrating Koehler's creation and approval of the statements (and omissions) in the offering documents, the Court needed to look no further (again) than Fisker Automotive's own "offering documents." For example, the Amended and Restated Series D-1 Preferred Stock Purchase Agreement states that "[t]he Knowledge of the Company shall mean the Knowledge of Henrik Fisker, Bernard Koehler, and Joseph DaMour." Pl. Opp. Br. at 13, 69-70 (emphasis added).[2] The Court took notice of this pleaded fact as well. Opinion at 8. In the face of this express admission of "Knowledge" of all of the information imparted in those offering documents, Koehler cannot credibly argue that the Court got it wrong with respect to his liability under Rule 10b-5 for the material misrepresentations and omissions in those offering documents.

There is much more evidence of Koehler's involvement in the creation and approval of the offering documents that Koehler ignores as well. For example, the Court also noted that those offering documents "contained an 'exculpation among purchasers' stating that the purchasers are relying solely on Fisker Automotive and 'its officers and directors' in making the decision to invest. Opinion at 8 (citing D.I. 53, Ex. H at 21) (emphasis added). The Court expressly referred to that exculpation clause in finding that Plaintiffs adequately alleged that all Defendants (except McDonnell) were liable for the misrepresentations and omissions in the offering documents. Opinion at 33 citing (D.I. 53, Exs. G and H). Koehler ignores these facts in his motion.[3]

---

[2] That same definition of "Knowledge of the Company" identifying Koehler is repeated in Fisker Automotive's other offering documents. *See*, e.g., D.I. 53, Ex. G, Page ID #868.

[3] The Court also cited the fact that "certain Board members participated in conference calls on behalf of Fisker Automotive discussing these documents and the associated solicitations" as additional support for holding all Defendants (except McDonnell) liable for the misrepresentations and omissions in the offering documents. Opinion at 33-34. The fact that

In sum, though the Court stated at the conclusion of its analysis of Defendants' liability that "[w]ithout discovery, the court struggles to envision how plaintiffs could ascertain which individuals were responsible for the creation of these types of documents", with respect to Koehler, the detailed allegations in the Complaint clearly demonstrate his role in creating the offering documents and his liability for the misrepresentations and omissions contained in them. Opinion at 33, n.29.

II.    **Koehler's Argument That Plaintiffs' Section 20(a) Claim Should Be Dismissed Is Even More Flawed Than His Argument That the Court Wrongly Held Him Liable for the Omissions and Misrepresentations in the Offering Documents**

Koehler asks the Court to dismiss the control person claim against him for two reasons. First, Koehler argues that Plaintiffs failed to allege a primary violation of Rule 10b-5. That argument should be rejected for the reasons discussed above. Second, Koehler also asks the Court to dismiss the control person claim against him "in the interest of justice" for reasons that he admittedly did not argue in his original motion to dismiss -- namely that the Complaint purportedly does not adequately plead Koehler's liability as a control person of Fisker Automotive. Def. Br. at 4 citing Opinion at 43 n.40 (noting that "Kleiner Perkins, Lane, Fisker

---

Koehler was not a "Board member" while participating on the conference calls is irrelevant, given that he was the founder of Fisker Automotive's predecessor entity and Fisker Automotives's then Chief Operating Officer. Koehler participated in every single call conference call soliciting investors to participate in the offerings which, *inter alia*, discussed the offering documents at issue in this case. The Court found Koehler could not be held liable for statements on the conference calls soliciting investors in the offerings -- as opposed to the misrepresentations and omissions in the offering documents themselves -- because Koehler did not speak on the conference calls. Opinion at 34. Not speaking on the conference calls, however, is not relevant to his participation in the creation and approval of the offering documents. And, his "participation" or attendance on the conference calls which discussed the offering documents is additional evidence of his participation in the creation and approval of those documents.

and Koehler <u>only</u> challenged the § 20(a) claim as failing to allege a primary violation."). The Court should reject Koehler's new argument out of hand as well. *See, e.g., Carrier Corp.*, 2014 U.S. Dist. LEXIS 125246 at *3 (denying motion for reconsideration and stating, *inter alia*, that "[a] motion for reconsideration . . . may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'") (citations omitted).

Like his other arguments, Koehler's argument ignores the allegations at issue here. The Court's bases for concluding that the Complaint adequately pleads other Defendants' control person liability fit Koehler equally well. *See* Pl. Opp. Br. at pp. 80-82. Those facts include, *inter alia*, the statement in the Amended and Restated Series D-1 Preferred Stock Purchase Agreement stating that "[t]he Knowledge of the Company shall mean the Knowledge of Henrik Fisker, Bernard Koehler, and Joseph DaMour" and the offering documents "contain[ing] an 'exculpation among purchasers' stating that the purchasers are relying solely on Fisker Automotive and 'its officers and directors' in making the decision to invest", as discussed above. *Id.* Just as with its finding of a "primary violation", the Court expressly based its finding that Plaintiffs pled "actual control" for several of the same reasons. Opinion at 42-43.[4]

In any event, independent of the Court's finding that Plaintiffs adequately pled "actual control", should the Court decide to revisit this issue, Plaintiffs also demonstrated Defendants' control person liability (which included Koehler) through their "culpable participation" in this fraud. Specifically, Plaintiffs demonstrated in their opposition brief that they "sufficiently pled

---

[4] Plaintiffs respectfully note that the Court incorrectly stated that DaMour, Fisker's Chief Financial Officer, was a director of Fisker Automotive in finding that Plaintiffs adequately pled "actual control." Opinion at 43. This is of no import given the alleged facts noted by the Court regarding DaMour's participation in this fraud. Nor is Koehler's status as Fisker Automotive's Chief Operating Officer as opposed to a director of Fisker Automotive relevant to the Court's determination of his role in this fraud, as discussed herein.

scienter as to Lane, Daubenspeck, Fisker, Koehler, DaMour, and Li, thus satisfying any requirement for culpable participation." Pl. Opp. Br. at 82 citing *In re Citigroup Inc. Sec. Litig.*, 753 F.Supp.2d 206, 249 (S.D.N.Y. 2010) ("Allegations sufficient to plead scienter for the purposes of primary liability pursuant to Section 10(b) necessarily satisfy the culpable participation pleading requirement for Section 20(a) claims") (emphasis added).[5] Nothing more is necessary to adequately plead "culpable participation" for purposes of Section 20(a) liability.

Koehler's reliance on *In re Digital Island Sec. Litig.*, 223 F. Supp.2d 546 (D. Del. 2002), *aff'd*, 357 F.3d 322 (3d Cir. 2004) ("*Digital Island*"), actually supports a finding that Plaintiffs adequately allege Koehler's liability as a control person of Fisker Automotive. Koehler quotes *Digital Island* to the effect that "even a CEO is not automatically a 'controlling person' under Section 20(a)." Def. Br. at 4, citing *Digital Island*, 223 F. Supp.2d at 561, n.9. Koehler omits the relevant portion of that footnote in *Digital Island*. Read in its entirety, the footnote's text follows that sentence with a citation to *Paracor Fin. Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1163 (9th Cir. 1996) for the proposition "that the plaintiff must allege that the CEO exercised direct or indirect control over the transaction in question." *Id.* (emphasis added). Plaintiffs clearly adequately plead Koehler's direct or indirect control over the offering documents.[6]

---

[5] Thus, even if the Court were to find that Koehler was not a "primary violator" -- which it should not -- Koehler's newfound in the "interests of justice" argument does not help him evade liability under Section 20(a) because Plaintiffs adequately pled his culpable participation in this fraud. In addition, as Plaintiffs first discussed in their opposition brief, "[t]he 'overwhelming trend' is that failure to plead culpable participation is not a proper ground for granting a motion to dismiss." Pl. Opp. Br. at 82 (citations omitted).

[6] In addition, *Digital Island* is inapposite to the facts pled in this case. In that case, unlike the case at bar, the Court held that: (i) the defendants had no duty to disclose the allegedly misleading information; (ii) plaintiffs' had improperly relied on the group pleading doctrine; (iii) plaintiffs failed to adequately plead scienter, (iv) plaintiffs' Section 20(a) claim failed because they had not adequately alleged a primary violation; and (v) the complaint was "devoid of any allegations" sufficient to adequately allege culpable participation. *Id.* at 551-63.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Defendant Koehler's Motion for Reargument should be denied.

ROSENTHAL, MONHAIT & GODDESS, P.A.

Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, Delaware  19801
Tel: (302) 656-4433
Fax: (302) 658-7567
Email: nmonhait@rmgglaw.com
　　　 bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

**OF COUNSEL**:

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 261-3553
Email: ko@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-3000
Email:  tcollins@bm.net
　　　 bpodell@bm.net

9