IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. SHAREHOLDER LITIGATION | ) ) ) ) | Civ. No. 13-2100-SLR |

**MEMORANDUM**

At Wilmington this 15th day of October, 2015, having reviewed defendants' motions for reconsideration (D.I. 72; D.I. 73) and the response thereto; the court issues its decision based on the following reasoning:

1. **Standard of review.** A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue

new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

2. **Discussion.** Defendants Li and Ace Strength request that the court revisit its decision reflected in the court's September 9, 2015 opinion finding that plaintiffs adequately pled violations of § 10(b) and § 20(a). The court addresses the arguments regarding scienter.[1] The court found that plaintiffs' allegations regarding the various offering documents (prepared by the Board of which Li is a member) passed muster at the motion to dismiss stage (D.I. 69 at 33-34) and concluded that "[t]he totality of the circumstances, which can be succinctly described as ardently soliciting investors in order to launch and sustain Fisker Automotive, with defendants standing to gain from Fisker Automotive's success through their positions as Directors, leads to a strong inference that defendants acted with an intent to manipulate investors." (*Id.* at 42) The inclusion of footnote 38 was a clerical error and a revised memorandum opinion will be issued reflecting the deletion thereof.

3. As to Koehler, certain facts contained within the court's opinion make it clear that Koehler is included in the court's conclusion that plaintiffs' allegations regarding the offering documents (alleged against all defendants except McDonnell) pass muster. Notwithstanding that Koehler was not a Board member, the court pointed to, inter alia, the "exculpation among purchasers" clause (D.I. 53, ex. G and H), which states that the

---

[1] The court also concluded (and declines to revisit) its decision that plaintiffs' allegations of control were adequate.

2

purchasers are relying solely on Fisker Automotive and "its officers and directors" in making the decision to invest. (D.I. 69 at 33-34) Moreover, as included in the factual recitation, the December 2011 stock purchase agreement stated that "The Knowledge of the Company shall mean the Knowledge of Henrik Fisker, Bernhard Koehler, and Joseph DaMour." (*Id.* at 8) At this juncture, without the benefit of discovery, the court concludes that plaintiffs have sufficiently alleged falsity with respect to the offering documents "made" by defendants (including Koehler).

4. **Conclusion.** Based on the foregoing, the motions for reconsideration (D.I. 72; D.I. 73) are denied. An appropriate order shall issue.

                                                                 [signature]
                                                           United States District Judge