# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IN RE FISKER AUTOMOTIVE HOLDINGS, )    Civ. No. 13-2100-DBS-SRF
INC. SHAREHOLDER LITIGATION        )

## MEMORANDUM ORDER

At Wilmington this 12th day of June, 2017, the court having considered the request for a protective order (D.I. 374), filed by defendants Richard Li Tzar Kai ("Mr. Li") and Ace Strength Ltd. ("Ace") (collectively, "Defendants"), IT IS HEREBY ORDERED that Defendants' request is granted-in-part and denied-in-part, for the reasons set forth below.

**1. Background.** Plaintiff Atlas Capital Management, L.P. ("Atlas Mangement") filed suit on December 27, 2013 against Henrik Fisker, Bernhard Koehler, Joe DaMour, Peter McDonnell, Kleiner Perkins Caufield & Byers LLC, Ray Lane, Keith Daubenspeck, Mr. Li, and Ace. (D.I. 1) On July 23, 2014, Plaintiffs Atlas Allocation Fund, L.P. ("Atlas Fund") and Atlas Management, CK Investments LLC, David W. Raisbeck, Hunse Investments, L.P., Southwell Partners, L.P., Sandor Master Capital Fund, John S. Lemak, Pinnacle Family Office Investments, L.P., Dane Andreeff, SAML Partners, Kenneth & Kimberly Roebbelen Revocable Trust of 2001, Brian Smith, PEAK 6 Opportunities Fund L.L.C., 888 Investments GmbH, MCP Fisker L.L.C., 12BF Global Investments, Ltd., and ASC Fisker L.L.C. (collectively, "Plaintiffs") filed an Amended Complaint.[1] (D.I. 24) Defendants[2] moved to dismiss the Amended Complaint. (D.I. 29, 31, 33, 36, 38, 43) On September 9, 2015 the court granted-in-part and denied-in-part

---

[1] The initial Complaint was filed by Atlas Management. (D.I. 1) The Amended Complaint and the Second Amended Complaint were filed by all of the Plaintiffs listed *supra*. (D.I. 24, 145)
[2] In ¶ 1, "Defendants" refers to all Defendants listed *supra*. However, for the remainder of the Memorandum Order, "Defendants" refers to Mr. Li and Ace specifically.

Defendants' motions to dismiss the Amended Complaint.[3] (D.I. 69) On May 16, 2016, Plaintiffs filed a Second Amended Complaint. (D.I. 145) On June 15, 2016, Defendants moved to dismiss the Second Amended Complaint. (D.I. 158) On February 7, 2017, the court denied Defendants' motion. (D.I. 283) On May 12, 2017, Plaintiffs filed a motion for leave to file a Third Consolidated Amended Complaint. (D.I. 353) As of the filing of this motion, briefing is not fully complete. (D.I. 358) Plaintiffs allege violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") and common-law fraud in connection with the sale of Fisker Automotive ("Fisker") securities. (D.I. 145 at ¶ 1)

2. Atlas Fund and Atlas Management are both based in Texas. (D.I. 145 at ¶ 15) Mr. Li was a member of Fisker's Board of Directors until his resignation as a director on July 15, 2011. (*Id.* at ¶ 33) Ace was an investment vehicle through which Mr. Li invested in Fisker. (*Id.* at ¶ 32) Non-party Fisker is a Delaware Corporation which had its principal place of business in Anaheim, California. (*Id.* at ¶ 26) On November 22, 2013, Fisker filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. (*Id.*)

3. **Relevant procedural history.** On September 26, 2014, Mr. Li and Ace filed a motion to dismiss for lack of personal jurisdiction. (D.I. 38) On September 9, 2015, the court stayed the motion to dismiss pending the completion of jurisdictional discovery.[4] (D.I. 69) On December 17, 2015, the court denied Mr. Li and Ace's motion to dismiss, without prejudice. (D.I. 108) The court stated that Mr. Li and Ace could renew the motion and supplement the record once jurisdictional discovery was completed. (*Id.*) On May 15, 2016, Mr. Li and Ace

---

[3] The Memorandum was modified on October 15, 2015. (D.I. 81) Defendant Peter McDonnell's motion to dismiss was granted. (*Id.*)
[4] On October 15, 2015, the Memorandum was modified. (D.I. 81) The court, again, stayed the motion to dismiss pending the completion of jurisdictional discovery. (D.I. 82)

2

filed a motion to dismiss the consolidated Second Amended Complaint for lack of personal jurisdiction. (D.I. 160) On February 7, 2017, the court denied the motion to dismiss (the "Order"). (D.I. 283)

4. On December 21, 2016, the case was referred to the undersigned magistrate judge for all disputes related to fact discovery. (D.I. 253) On June 8, 2017, the court held a discovery dispute teleconference concerning Defendants' motion for a protective order prohibiting Plaintiffs from taking the depositions of Mr. Li and Ace. (D.I. 374) The parties disagree over whether depositions are appropriate at this stage in the litigation, and if permitted, disagree whether the subject matter should include "merits" testimony. (D.I. 374; 376) Plaintiffs argue that the jurisdictional inquiry is now over, due to the Order denying Defendants' motion to dismiss. (D.I. 376 at 2) Whereas, Defendants argue that personal jurisdiction is still an open issue. (D.I. 374) Additionally, the parties disagree over the location and timing of the depositions, if they should occur. (D.I. 374; 376)

**5. Standard of Review.** Pursuant to Rule 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the depositions will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters

Fed. R. Civ. P. 26(c)(1)(B) & (c)(1)(D).

**6. Analysis.** The court grants-in-part and denies-in-part Defendants' motion, without prejudice. Mr. Li and Ace are to participate in jurisdictional discovery, including the noticed

3

depositions. However, the scope of the depositions is to be limited to jurisdictional discovery. After reviewing Defendants' motion to dismiss (D.I. 161) and the Order (D.I. 283), the court finds that jurisdictional discovery is on-going and is not a moot inquiry. In the Order, the court states, "Li and Ace Strength are ordered to respond to plaintiffs' jurisdictional discovery requests and to participate in general discovery[5] until relieved of their obligation to do so by the court." (D.I. 283 at 9) If personal jurisdiction was already determined by the court, it would not be necessary to order Defendants to respond further to Plaintiffs' jurisdictional discovery requests. Furthermore, the court did not state the decision was made with prejudice. (*See* D.I. 283; 284) In their brief, Plaintiffs state that Defendants' motion to dismiss was denied "without any right to renew." (D.I. 376 at 2) Plaintiffs, however, do not provide any citation for this assertion. (*See id.*) Moreover, the court, in the Order, suggests that additional discovery is necessary to answer the personal jurisdiction question. For example, the court states, "It is unclear (without the discovery) how involved Li remained (either individually or through Ace Strength)." (D.I. 283 at 9) Therefore, in light of the foregoing, the depositions of Mr. Li and Ace are limited to jurisdictional discovery.[6] Defendants may seek leave of court to renew their motion to dismiss for lack of personal jurisdiction once the parties have completed jurisdictional discovery.

---

[5] In the Scheduling Order, filed on October 20, 2015, the court stated that Mr. Li and Ace are "allowed to participate in discovery conducted by other parties," including depositions, "to avoid the potential for duplicative discovery" if and when personal jurisdiction is established. (D.I. 84 at 4)

[6] Defendants cite to various cases in support of their argument that the court should refuse requests for depositions in jurisdictional discovery. (D.I. 374 at 3–4) However, the court finds that depositions are an appropriate means of obtaining information during jurisdictional discovery. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) ("[I]f plaintiff's claim is not clearly frivolous [as to the basis for personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden."); *see also Marnavi SpA v. Keehan*, 2010 WL 1499583, at *8 (D. Del. Apr. 14, 2010) (ordering that Plaintiff could serve deposition notices for jurisdictional discovery).

4

7. As to the locations of the depositions, the parties are to meet and confer to come to an agreement. The parties are to consider the "cost, convenience, and litigation efficiency" of each location suggested by the parties. *Invensas Corp. v. Renesas Elec. Corp.*, 2012 WL 2501106, at *3 (D. Del. June 27, 2017) (citation omitted). The parties should also consider where counsel for both parties are located, how often Mr. Li and the designated representative of Ace travel to the United States, whether Mr. Li and Ace's representative already have future plans to travel to the United States, and how the time zone of specific locations may impact proceedings. *See id.* at *3–4.

8. If the parties are unable to come to an agreement after a meaningful meet and confer, the default location of the depositions will be New York. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995) ("Under the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery."). There is a "general presumption" that depositions normally occur at a corporation's principal place of business, however, the location can be modified when "justice so requires." *Invensas*, 2012 WL 2501106, at *2 (quoting *Aerocine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010)). "[A]s one court has explained, 'is not a presumption at all. Indeed it is the antithesis of a presumption.'" *Id.* at *2 (citing *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007).

9. After considering the factors presented in *Invensas*, the court finds that New York would be an appropriate location for the depositions. *See id.* at *3–4. Plaintiffs state that Mr. Li's counsel in this action is in New York, as well as Li's business attorneys. (D.I. 376 at 4) It is more convenient to travel to New York, as opposed to Delaware, due to the availability of more direct flights into New York. Additionally, if the depositions occur in New York, the court and the depositions will be within the same time zone, allowing the parties an opportunity, if

reasonably necessary, to contact the court in the event a dispute occurs during the deposition itself. *See Invensas,* 2012 WL 2501106, at *3. Lastly, due to Mr. Li's investments and business obligations, the court finds that it would not be an undue burden for Mr. Li to travel to New York. (D.I. 376 at 3–4)

**10.** Each deposition is subject to the time limitation of Fed. R. Civ. P. 30(d), unless otherwise agreed by the parties.

**11. Conclusion.** For the foregoing reasons, Defendants' motion to prohibit Plaintiffs from taking the noticed depositions of Mr. Li and Ace is granted-in-part and denied-in-part, without prejudice.

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

**13.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge