# KLAFTER OLSEN & LESSER LLP
## ATTORNEYS AT LAW

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • Fax 914-934-9220 • www.klafterolsen.com

June 13, 2017

**VIA HAND DELIVERY & EMAIL**
Hon. Sherry R. Fallon
United States District Court
844 North King St.
Wilmington, DE 19801

**REDACTED,
PUBLIC VERSION**

Re:   *In re Fisker Automotive Holdings, Inc. Sec Litig.*, No. 13-cv-02100-DBS-SRF

Dear Judge Fallon,

For the reasons detailed below, Plaintiffs seek an order from the Court:

(i)   Instructing the U.S. Department of Energy ("DOE") to cease engaging in off the record merits discussions during depositions, making repeated speaking objections, and improperly instructing witnesses not to answer questions which are relevant to the claims and defenses in this case and proper under the Federal Rules of Civil Procedure;[1] and

(ii)  Permitting Plaintiffs to reconvene two of the four DOE-related depositions conducted to date (Michael Mates and Robert Donatucci) because DOE improperly limited these depositions to less than seven hours and/or instructed these witnesses, without legal basis, not to answer relevant questions.[2]

As Your Honor may recall, one of Plaintiffs' principal claims is that Defendants lied to DOE -- and in turn Plaintiffs -- regarding Fisker's compliance with the required milestones under a $528.7 million loan DOE made to the Company (the "ATVM Loan"). As detailed in Plaintiffs' earlier motion to compel DOE to produce documents (D.I. 122), DOE secretly froze the ATVM

---

[1] Currently, depositions of DOE-related witnesses are scheduled for June 13th and 23rd. Plaintiffs will seek additional depositions of DOE-related witnesses on dates to be determined.

[2] After Plaintiffs noticed the current motion, DOE agreed that the Court's April 25, 2017 Order allocating 3.5 hours of examination time each to Defendants and Plaintiffs does not limit Plaintiffs' examination time to 3.5 hours if Defendants use *less than* 3.5 hours, i.e., that the full seven hours of examination provided under F.R.C.P. 30(d)(1) applies. To date, four depositions of DOE-related witnesses have taken place: Michael Mates; Robert Donatucci; Daron Gifford, and Melissa Baur. [REDACTED] Given that these two witnesses are third parties, Plaintiffs are not moving to reconvene these depositions at this time, but respectfully reserve their right to do so in the future.

Loan in June 2011 when it discovered Defendants had falsely certified compliance with certain required project milestones and illegally obtained tens of millions of dollars under the ATVM Loan. (D.I. 123, 155). DOE then misled investors and the public about the status of the loan, as well as the state of the Company's operations, in an October 20, 2011 press release. DOE issued this press release at a time when DOE had come under media and Congressional scrutiny with the demise of Solyndra and allegations of crony capitalism. *Id*. The Court conducted an *in camera* review of certain documents and rejected DOE's assertion of deliberative process privilege with respect to several, ordering their production, and stated, *inter alia*, that the Court had "identified documents that relate to the facts misrepresented in DOE's October 2011 press release" and that "the role of the government in this serious litigation was pivotal." (D.I. 243).



Despite this ruling, in depositions of DOE-related witnesses, DOE's attorney has improperly instructed DOE witnesses not to answer questions concerning Defendants' misrepresentations to DOE, and has repeatedly coached witnesses with speaking objections. It is well-settled that government agencies like DOE do not have special authority to disregard the Federal Rules of Civil Procedure or the Orders of this Court. *See, e.g., S.E.C. v. Seldon*, 484 F. Supp. 2d 105, 107-09 (D.D.C. Cir. 2007) ("*Seldon*") (stating "*Touhy* regulations apply solely to the agency's methods for handling discovery requests. The means by which parties issue subpoenas on the government, and the applicable legal standards governing compliance, *are governed by the Federal Rules of Civil Procedure*.") (emphasis added); *see also Yousuf v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006). These actions are patently improper.

1. **DOE's Improper Instructions Not To Answer As To Michael Mates**



Hon. Sherry R. Fallon
Page 3
June 13, 2017



DOE's counsel instructed Mates not to answer questions concerning the following topics for which Plaintiffs seek a response:



2. **DOE's Improper Instructions Not To Answer As To Robert Donatucci**



Hon. Sherry R. Fallon
Page 4
June 13, 2017



Plaintiffs respectfully request that the Court grant the relief described above, and order the government to pay costs associated with bringing this motion and reconvening the two aforementioned depositions.

Respectfully,

Kurt B. Olsen

Cc: Counsel of Record (via email)