# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. SHAREHOLDER LITIGATION | : Civil Action No. 13-2100-DBS-SRF<br>:<br>: **PUBLIC VERSION** |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL THE DEPARTMENT OF ENERGY

ROSENTHAL, MONHAIT & GODDESS, P.A.
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
Tel: (302) 656-4433
Fax: (302) 658-7567
Email: nmonhait@rmgglaw.com
         bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

OF COUNSEL:

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 261-3553
Email: ko@klafterolsen.com

-and-

Jeffery A. Klafter, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Email: jak@klafteroslen.com
         fran@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: tcollins@bm.net
         bpodell@bm.net

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ........................................................................................................ 3

   A.   The DOE Has Conceded This Court's Jurisdiction Over the DOE and
        Authority To Rule On the Issues At Bar ................................................................ 3

   B.   The DOE's Argument That Plaintiffs Must Bring A Collateral Action
        Under the APA to Enforce the Subpoena Is Without Merit ..................................... 6

   C.   This Court Is Authorized To Resolve This Dispute Under Rule 45 ........................ 9

## **TABLE OF CITATIONS**

**Cases**                                                                                                          **Page(s)**

*Aiken v. Eady*,
  2016 U.S. Dist. LEXIS 13932 ( D. N.J. Feb. 4, 2016) ....................................................... 7, 8

*Arizona v. California*,
  460 U.S. 605 (1983) .................................................................................................................. 5

*Boeh v. Gates*,
  25 F.3d 761 (9th Cir. 1994) ..................................................................................................... 8

*Boron Oil Co. v. Downie*,
  873 F.2d 67 (4th Cir. 1989) ................................................................................................. 6, 8

*Connaught Labs., Inc. v. Smithkline Beecham P.L.C.*,
  7 F. Supp. 2d 477 (D. Del. 1998) ..................................................................................... 6, 7, 8

*Dalton v. 3M Co.*,
  2013 U.S. Dist. LEXIS 130407 (D. Del. Sep. 12, 2013) ............................................................ 5

*Davis Enters. v. U.S. E.P.A.*,
  877 F.2d 1181 (3d Cir. 1989) ................................................................................................... 8

*Giza v. Dep't of Health, Educ. & Welfare*,
  628 F.2d 748 (1st Cir. 1980) .................................................................................................... 7

*Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*,
  86 F.3d 1208 (D.C. Cir. 1996) .............................................................................................. 6, 7

*In re Packaged Ice Antitrust Litig. Direct Purchaser Action*,
  2011 U.S. Dist. LEXIS 51116 (E.D. Mich. May 10, 2011) ..................................................... 6, 8

*In re Vioxx Prods. Liab. Litig.*,
  235 F.R.D. 334 (D. La. 2006) ................................................................................................... 3

*In re: Asbestos Prods. Liab. Litig.*,
  661 Fed.Appx. 173 (3d Cir. 2016) ............................................................................................. 6

*Johnson v. Folino,*
  528 F. Supp. 2d 548 (E.D. Pa. 2007) ..................................................................................... 6, 7

*Louisiana v. Sparks*,
  978 F.2d 226 (5th Cir. 1992) .................................................................................................... 7

*SEC v. Selden,*
  484 F. Supp. 2d 105 (D. D. C. 2007) ..................................................................................... 6, 8

*Truex v. Allstate Ins. Co.*,
   233 F.R.D. 188 (D.D.C. Jan. 10, 2006) ............................................................................... 8, 9

*United States ex rel Touhy v. Ragen,*
   340 U.S. 462, 71 S. Ct. 416 (1951) ............................................................................. 4, 7, 8, 9

*Watts v. Securities and Exchange Comm'n*,
   482 F.3d 501 (D.C. Cir. 2007) ............................................................................................ 6, 8, 9

*Yousuf v. Samantar,*
   451 F. 3d 248 (D.C. Cir. 2006) ............................................................................................ 3, 9

**Statutes**

5 U.S.C. §701 ................................................................................................................................ 2

Fed. R. Civ. P. 45(c)(1)(A), ............................................................................................... 1, 4, 9, 10

Fed. R.Civ. P. 30(d)(2) ................................................................................................................. 2

In accordance with the Court's instruction at the conclusion of the June 16, 2017 telephonic hearing, Plaintiffs respectfully submit this supplemental memorandum in support of Plaintiffs' motion to compel the DOE concerning its improper limitation on Plaintiffs' examination time of DOE-related witnesses and improper instructions to DOE-related witnesses not to answer questions relevant to the claims and defenses in this case. (D.I. 385)

**I.      INTRODUCTION**

As discussed in Plaintiffs' letter memorandum (D.I. 385) and at oral argument, Plaintiffs seek an order from the Court:

(i) Instructing the DOE to cease engaging in off the record merits discussions during depositions, making repeated speaking objections, and improperly instructing witnesses not to answer questions which are relevant to the claims and defenses in this case and proper under the Federal Rules of Civil Procedure; and

(ii) Prohibiting the DOE from objecting to Plaintiffs' reconvening the depositions of DOE-related witnesses, Michael Mates and Robert Donatucci, because DOE improperly limited these depositions to less than seven hours and/or instructed these witnesses, without legal basis, not to answer relevant questions.[1]

The DOE's arguments in opposition to Plaintiffs' motion are without merit. First, DOE is attempting for the *third time* to immunize itself from the Court's discovery rulings. Specifically, the Court previously rejected the DOE's arguments that the Court lacked jurisdiction over the DOE in connection with Plaintiffs' earlier motion to compel the DOE to

---

[1] As Plaintiffs' counsel, Kurt Olsen, stated at oral argument, Plaintiffs are not requesting that the Court order to appear for deposition a DOE-related witness who resides beyond the 100 mile limit from the Court's location under Rule 45(c)(1)(A), as Mr. Donatucci apparently does. In that circumstance, Plaintiffs request that the Court order the DOE to: (i) not object or otherwise interfere with the resumption of Mr. Donatucci's deposition; and (ii) pay the costs for taking that deposition made necessary due to the DOE's improper limitation of Plaintiffs' examination time and improper instructions not to answer relevant questions. Plaintiffs will not object if the DOE wishes to have Mr. Donatucci appear in Washington DC since he traveled to Washington DC to meet with DOE counsel in preparation for his deposition. Ex. 1, Donatucci Tr. at 30:12-31:6.

produce documents filed on March 31, 2016. (D.I. 122, 243). The DOE complied and produced those documents without further objection.

Second, as it does here, the DOE recently made the *same* arguments that the Court lacked jurisdiction to resolve a dispute regarding the time limits for DOE-related witnesses and the allocation of examination time between Plaintiffs and Defendants. (D.I. 342) The Court heard argument on that dispute on April 25, 2017, and held that the depositions of DOE-related witnesses would not last more than the seven hours of examination time F.R.C. P. 30(d)(2) permits, and that time should be divided equally between Plaintiffs and Defendants.

The DOE not only accepted the Court's rulings on these matters (and thus the Court's jurisdiction), but then sought to benefit from Court's ruling to hamstring Plaintiffs' examination of DOE-related witnesses by interpreting the Court's order to limit Plaintiffs to 3.5 hours of examination time regardless of how much time Defendants used. The DOE thereby prematurely ended the depositions of DOE-related witnesses. The DOE's improper limitation of Plaintiffs' deposition time is one of the issues currently before the Court. (D.I. 385). As discussed below, the DOE's decisions not to challenge the Court's earlier rulings -- and by implication that the Court had jurisdiction to resolve those earlier disputes – renders the DOE's current arguments moot under established law.

Lastly, the cases DOE cites in its response (D.I. 386) are either inapplicable to the circumstances here or do not support the DOE's arguments. In fact, as demonstrated below, this Court and most other courts squarely hold that: (i) a party seeking to enforce a subpoena against a governmental agency need not file a separate collateral action under the Administrative Procedures Act ("APA"), 5 U.S.C. §701 *et seq.*; (ii) federal agencies are considered "people" for

purposes of Rule 45[2]; and (iii) this Court has jurisdiction over the DOE and any DOE-related witnesses employed at the DOE's Washington DC headquarters to rule on this dispute.[3]

## II. ARGUMENT

### A. The DOE Has Conceded This Court's Jurisdiction Over the DOE and Authority To Rule On the Issues At Bar

As stated above, the DOE has repeatedly appeared before the Court on discovery *motions*, argued that it was *not* subject to the Court's jurisdiction, and subsequently complied with the Court's orders, implicitly conceding the Court's jurisdiction. Specifically, in response to Plaintiffs' Motion to Compel Discovery from the United States Department of Energy filed on March 31, 2016 (D.I. 122), the DOE argued, *inter alia*, that Plaintiffs' subpoena was "facially defective" stating without support that DOE's headquarters are more than 100 miles from Wilmington, DE.[4] The DOE also suggested that Plaintiffs should have filed a "separate proceeding." *Id*. at 8-9. Plaintiffs rebutted both of the DOE's arguments.[5] Judge Robinson implicitly rejected the DOE's arguments when the Court issued its November 15, 2016 Order granting in part Plaintiffs' motion to compel (D.I. 243). DOE did not seek to appeal from that Order, and produced documents in response to it.

---

[2] *E.g., Yousuf v. Samantar,* 451 F. 3d 248, 250 (D.C. Cir. 2006) ("*Yousuf*"); *In re Vioxx Prods. Liab. Litig.,* 235 F.R.D. 334, 338-39 (D. La. 2006).

[3] Notably, the DOE continued improperly instructing DOE-related witnesses not to answer relevant questions in depositions taking place subsequent to the filing of this motion.

[4] United States' Brief In Support of Its (I) Cross-Motion To Quash The Subpoena, (II) Opposition To Plaintiffs' Motion To Compel, And (III) Cross-Motion For A Protective Order at 7-8 (D.I. 148).

[5] Plaintiffs' Reply Brief in Support of its Motion to Compel DOE and Answering Brief to DOE's Motion to Quash at 14 n.8, 18-19 (D.I. 155).

DOE also made the same arguments it does here in connection with a recent dispute concerning the depositions of DOE-related witnesses – including the *same* DOE-related witnesses that are the subject of the current motion. *See* Joint Letter to The Hon. Sherry R. Fallon from Norman M. Monhait regarding resolution of deposition dispute re DOE witnesses (D.I. 342) (the "April 24, 2017 Discovery Dispute Letter"). In the April 24, 2017 Discovery Dispute Letter, the DOE argued that "the proper procedural mechanism for plaintiffs to challenge DOE's response to their *Touhy*[6] request is through a separate action commenced pursuant to the [APA]." *Id*. at 4. The DOE also argued in that earlier dispute that "[e]ven if the Court deems this a discovery dispute to be resolved in this case under Fed. R. Civ. P. 45, the proper forums for the resolution of the dispute would be each court that issued a subpoena."[7] These are the same arguments that the DOE make in its June 14, 2017 letter memo at pp. 3-4. (D.I. 386)

Further, as discussed *infra*, the DOE again relies principally on the same cases that it previously cited in the April 24, 2017 Discovery Dispute Letter. (*See* D.I. 342 at 3-4 citing *Davis*, *Boeh*, *Boron*, and *Houston*, discussed *infra*, with D.I. 386 at 3-4 citing the same opinions). Plaintiffs' counsel previously addressed these cases at oral argument held on April 25, 2017. Ex. 2, Transcript of April 25, 2017 telephonic hearing at pp. 12:6-13:5.

The DOE has now renewed the same arguments for a *third time*. The DOE's actions here are simply a continuation of its efforts to conceal its "pivotal" role (as the Court held in its November 15, 2016 Order) in the events underlying the claims in this action. Where the DOE

---

[6] *United States ex rel Touhy v. Ragen,* 340 U.S. 462, 71 S. Ct. 416 (1951).

[7] In the April 24, 2017 Discovery Dispute Letter, the DOE stated that this Court is not the proper forum to determine the amount of time Plaintiffs can use to depose DOE deponents because this Court did not issue the subpoenas. In fact, the subpoenas were issued by this Court. Regardless, the DOE's citation to Federal Rule of Civil Procedure 45(d)(2)(B)(i) makes clear that the DOE's references to the issuing court was a scrivener's error. The DOE was actually arguing that this Court could not rule because the Court does not sit in the place of compliance.

previously insisted on withholding documents and later limiting the amount of time Plaintiffs could examine DOE-related witnesses, the DOE now seeks to improperly limit the questions Plaintiffs can ask about those documents or related subject matter and to benefit from improperly limiting Plaintiffs' examination time in prior depositions.

The DOE again falls back on its arguments that the Plaintiffs' only remedy is a collateral action under then APA and that Court does not have jurisdiction to resolve this dispute under Rule 45. As discussed above, the Court has rejected the DOE's arguments. Its decision is the law of the case. *See Dalton v. 3M Co.*, Civil Action No. 10-113-SLR-SRF, 2013 U.S. Dist. LEXIS 130407, at *14-17 (D. Del. Sep. 12, 2013) (Fallon, J.) ("[T]he doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983) (citation omitted)), adopted 2013 U.S. Dist. Lexis 141221 (D. Del. Oct. 1, 2013). As there has been no new evidence or change in the law since the Court's prior ruling, that ruling stands. *Id.*

Notably, after the Court ruled on the dispute raised in April 24, 2017 Discovery Dispute Letter and directed that Plaintiffs and Defendants equally divide the seven hours of examination time for DOE-related witnesses, DOE again did not challenge the Court's ruling. Instead, it relied on the ruling as a basis to limit Plaintiffs' examination time improperly to 3.5 hours without regard to Defendants' not using their entire 3.5 hours. Plaintiffs objected to the DOE's improper interpretation of the Court's order, which is part of the current dispute. Ex 3 (Excerpt from deposition transcript of Daron Gifford at 181:1 -184:24; Ex. 1, Donatucci Tr. at 172:15-173:21. The DOE cannot both rely on the Court's ruling in connection with the April 24, 2017 Discovery Dispute Letter to limit Plaintiffs' examination time and then argue this Court has no jurisdiction to rule on the DOE's improper application of the Court's ruling. Heads I win, tails

you lose is an argument without integrity. *See*, *e.g.*, *In re: Asbestos Prods. Liab. Litig.*, 661 Fed.Appx. 173, 177 (3d Cir. 2016) (stating that "[a] party is deemed to have consented to personal jurisdiction, and thereby waived it as a defense, if that party 'actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum.'") (citation omitted) .

    **B. The DOE's Argument That Plaintiffs Must Bring A Collateral Action Under the APA to Enforce the Subpoena Is Without Merit**

Aside from the DOE's acceptance of the Court's prior rulings, this Court has jurisdiction to rule on this dispute. Sovereign immunity does not shield DOE from this Court's authority to address the instant motion. Well established case law holds that the United States has, through 5 U.S.C. §702, waived sovereign immunity with regard to a federal court's enforcement of a federal court subpoena issued in an action in which the court has federal question subject matter jurisdiction. *See Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("*Houston*"); *In re Packaged Ice Antitrust Litig. Direct Purchaser Action*, 2011 U.S. Dist. LEXIS 51116 at *7 (E.D. Mich. May 10, 2011) ("*Packaged Ice*") (citations omitted); *Johnson v. Folino,* 528 F. Supp. 2d 548, 550-51 (E.D. Pa. 2007) ; *SEC v. Selden,* 484 F. Supp. 2d 105, 197-108 (D. D. C. 2007); *Connaught Labs., Inc. v. Smithkline Beecham P.L.C.*, 7 F. Supp. 2d 477, 479-80 (D. Del. 1998) ("*Connaught Labs*"); Moore's Federal Practice 3d, §45.05[1][a]. Sovereign immunity only protects a federal agency from a subpoena when the underlying action is in state court or based on state law. *E.g., Watts v. Securities and Exchange Comm'n*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("*Watts*")*; Houston*, 86 F.3d at1213 (stating that "the district court is similarly without power to issue a subpoena when the underlying [state court] action is not even asserted to be within federal-court jurisdiction.); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) ("*Boron*") (stating that "[t]he doctrine

of sovereign immunity precludes the state court -- and the federal court which gained limited jurisdiction upon removal -- from exercising jurisdiction to compel [agency employee] to testify contrary to EPA instructions."); *Connaught Labs, supra; Johnson v. Folino, supra.* .

Therefore, in federal cases, like the case at bar, this Court along with majority of courts, hold that a party can enforce a subpoena against a third party government agency without filing a collateral action under the APA. *See*, *e.g.*, *Connaught Labs.,* 7 F. Supp. 2d at 479-80 (holding that there was no need for a collateral action under the APA to enforce subpoena which was enforceable through the issuing court under the Federal Rules of Civil Procedure); *Aiken v. Eady*, 2016 U.S. Dist. LEXIS 13932 at *13 ( D. N.J. Feb. 4, 2016) (stating denial of a subpoena served on third part government agency in accordance with *Touhy* may be "review[ed] . . . may through a separate action commenced pursuant to the [APA], or alternatively, in the Court from which the subpoena was served pursuant to Rule 45" and this was the "majority view") (emphasis added); *Johnson v. Folino*, 528 F.Supp.2d at 550-51 (stating that "petitioner need not file an ancillary proceeding under the APA. . . . [and] [b]ecause *Davis* arose out of a state court litigation, it has no bearing on whether a separate action is necessary to review a discovery dispute arising in a federal case.").

None of the cases DOE cites support a contrary conclusion. First, nearly all of the cases DOE cites involve state court actions, and are therefore inapplicable here because of the sovereign immunity principle noted above.[8]

---

[8] *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d at 1213; *Giza v. Dep't of Health, Educ. & Welfare*, 628 F.2d 748, 751-52 (1st Cir. 1980) (stating that the Freedom of Information Act "provided no basis for obtaining [FDA expert's] deposition" and affirming lower Court's determination that there is "no authority for a district court's enforcement of a state court subpoena as a matter of comity."); *Louisiana v. Sparks*, 978 F.2d 226, 234-35 (5th Cir. 1992) (stating that "[t]here is no indication that the United States Government has waived its sovereign immunity with respect to the state court subpoenas issued

7

The only other case DOE cites, *Boeh v. Gates*, 25 F.3d 761 (9th Cir. 1994) ("*Boeh*") also does not support its arguments. *Boeh* involved a contempt action for an agency's refusal to comply with a subpoena – not a motion to compel. 25 F.3d at 767. The Ninth Circuit expressly stated that "it may be more cumbersome to challenge an assertion of privilege by an APA suit <u>or mandamus action</u>, but *Touhy* . . . preclude[s] litigants and courts from first pursuing the option of contempt proceedings against subordinate officials who have been denied permission to respond to a subpoena." *Id*. at 767 (emphasis added).

Accordingly, this Court unquestionably has authority to hear this motion. In addressing such an application, "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action" -- not the "arbitrary and capricious" standard under the APA. *Connaught Labs*, 7 F. Supp. 2d at 480 (internal quotation marks and cite omitted); *See also Watts*, 482 F.3d at 509 (stating that "we do not believe the APA arbitrary and capricious standard applies when a court reviews an agency's decision not to comply with a *federal* court subpoena.") (emphasis in original); *Packaged Ice*, 2011 U.S. Dist. LEXIS at *9-11 (collecting cases including *Connaught Labs*).⁹

---

to [the federal official]." *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). *Davis Enters. v. U.S. E.P.A.*, 877 F.2d 1181, 1186 (3d Cir. 1989) also involved an underlying state court action. *See Aiken v. Eady*, 2016 U.S. Dist. LEXIS 13932 at *13 (noting that "[b]ecause *Davis* arose out of a state court litigation, it has no bearing on whether a separate action is necessary to review a discovery dispute arising in a federal case.").

⁹ *See also S.E.C. v. Seldon*, 484 F. Supp. 2d 105, 108 (D.D.C. Cir. 2007) ("*Seldon*") (stating that "the FDA argues that its [*Touhy*] regulations negate the requirements placed upon it by the Federal Rules of Civil Procedure. To the contrary, the FDA will comply with Selden's Rule 30(b)(6) subpoena, the bounds of which are ultimately defined by the court, not the FDA, consistent with the 'liberal opportunity for discovery.'"). At oral argument, the DOE pointed to a footnote in *Selden* where the district court cited *Truex v. Allstate Ins. Co.*, 233 F.R.D. 188 (D.D.C. Jan. 10, 2006) ("*Truex*"), and in *dicta* noted *Truex* "indicat[ed] that 'when a federal

**C. This Court Is Authorized To Resolve This Dispute Under Rule 45**

Lastly, the DOE cites Fed. R. Civ. P. 45(d)(2)(B)(i) and 45(c)(1)(A) as support for an argument that "the proper forum for the resolution of [this] dispute [is] the court for the district where compliance is required," i.e. Washington, D.C. and Williamsburg, Virginia where Messrs. Mates' and Donatucci's depositions, respectively, occurred . D.I. 386 at 4. The DOE's argument is flawed for several reasons. First, as stated above, Plaintiffs are seeking relief against the DOE for its improper actions. As discussed above, DOE has waived any argument that this Court lacks jurisdiction, personal or subject matter, to resolve disputes concerning the DOE's actions – including disputes related to the depositions of DOE-related witnesses.

Second, Fed. R. Civ. P. 45(d)(2)(B)(i) applies to subpoenas for documents – not testimony – and is therefore not relevant to this dispute. Regardless, and contrary to the DOE's argument, Rule 45(c)(1)(A) does not limit the "place of compliance" to a single court. Rather, it states:

> (c) Place of Compliance.
>
> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person.

---

agency, pursuant to so-called *Touhy* regulations prohibits its employees from responding to a subpoena . . . the requesting party must then proceed under the APA, and a federal court will review the agency's decision under an 'arbitrary and capricious' standard." *Id*. at 108 n.2 (internal quotation marks omitted). *Truex,* however, was a state law based contract claim, presumably in federal court under diversity jurisdiction, and therefore has no applicability here. In addition, the D.C. Circuit's subsequent opinions in *Yousuf* and *Watts* overruled *Truex* regarding whether the government is a "person" for purposes of Rule 45 (*Yousuf*, *supra*) and that "a challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and be treated *not as an APA action* but as a Rule 45 motion to compel.") *Watts*, 482 F.3d at 508 (emphasis added).

Here, at least two district courts meet the definition of "place of compliance" under Rule 45(c)(1)(A), the District Court for the District of Columbia *and* this Court -- which is also the issuing court which is also within 100 miles of the DOE's Washington, DC offices.[10] In this circumstance nothing in Rule 45 prevents the Court from resolving this dispute as to the DOE or the DOE employees who work at the DOE's headquarters. Indeed, under Rule 45(c)(1)(A), the Court expressly may order the DOE or any Washington DC-based DOE-related witness to appear for deposition or a trial in this Court.

| | |
|---|---|
| Dated: June 23, 2017 | ROSENTHAL, MONHAIT & GODDESS, P.A. |
| | |
| | */s/ P. Bradford deLeeuw* |
| | Norman M. Monhait (#1040) |
| | P. Bradford deLeeuw (#3569) |
| | 919 Market Street, Suite 1401 |
| | Citizens Bank Center |
| | Wilmington, DE 19801 |
| | Tel: (302) 656-4433 |
| | Fax: (302) 658-7567 |
| | Email: nmonhait@rmgglaw.com |
| |       bdeleeuw@rmgglaw.com |
| | |
| | ***Attorneys for Plaintiffs*** |
| OF COUNSEL: | |
| | |
| KLAFTER OLSEN & LESSER LLP | BERGER & MONTAGUE, P.C. |
| Kurt B. Olsen | Todd S. Collins |
| 1250 Connecticut Ave., N.W. | Barbara A. Podell |
| Suite 200 | 1622 Locust Street |
| Washington, D.C. 20036 | Philadelphia, PA 19103 |
| Tel: (202) 261-3553 | Tel: (215) 875-3000 |
| Email: ko@klafterolsen.com | Email: tcollins@bm.net |
| |       bpodell@bm.net |
| and | |

---

[10]Regardless, "Rule 45 . . . 'does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery.'… General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued." *Best Western Int'l v.Doe*, 2006 U.S. Dist. LEXIS 56014 at *5 (D. Ariz. July 25, 2006) (internal quotation marks and citations omitted).

10

Jeffrey A. Klafter
Fran Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel: (914) 934-9200
Email: jak@klafterolsen.com
       fran.rudich@klafterolsen.com

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on June 23, 2017, Counsel for Plaintiffs served PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL THE DEPARTMENT OF ENERGY on the following counsel in the manner indicated:

**VIA E-MAIL**

Ian R. Liston, Esquire
WILSON SONSINI GOODRICH & ROSATI PC
8 West Laurel Street
Georgetown, DE  19947
iliston@wsgr.com

**VIA E-MAIL**

M. Duncan Grant, Esquire
Christopher B. Chuff, Esquire
PEPPER HAMILTON LLP
Hercules Plaza
1313 Market Street, Suite 5100
Wilmington, DE  19801
grantm@pepperlaw.com
chuffc@pepperlaw.com

**VIA E-MAIL**

Samuel A. Nolen, Esquire
Katherine L. Mowery, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
nolen@rlf.com
mowery@rlf.com

**VIA E-MAIL**

Brian C. Ralston, Esquire
POTTER ANDERSON & CORROON, LLP
Hercules Plaza
1313 N. Market Street, 6th Fl.
Wilmington, DE  19801
bralston@potteranderson.com

**VIA E-MAIL**

J. Clayton Athey, Esquire
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE  19801
jcathey@prickett.com

**VIA E-MAIL**

A. Thompson Bayliss, Esquire
Daniel G. Paterno, Esquire
Alexander M. Krischik, Esquire
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
bayliss@abramsbayliss.com
paterno@abramsbayliss.com
krischik@abramsbayliss.com

**VIA E-MAIL**

Lisa A. Olson, Esquire
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7300
Washington, D.C. 20530

*/s/ P. Bradford deleeuw*
P. Bradford deLeeuw (Del. Bar No. 3569)