**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. SHAREHOLDER LITIGATION | : | Civil Action No. 13-2100-DBS-SRF |
| | : | **REDACTED, PUBLIC VERSION** |

# PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL THE DEPARTMENT OF ENERGY

ROSENTHAL, MONHAIT & GODDESS, P.A.
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
Tel: (302) 656-4433
Fax: (302) 658-7567
Email: nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

***Attorneys for Plaintiffs***

OF COUNSEL:

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 261-3553
Email: ko@klafterolsen.com

-and-

Jeffery A. Klafter, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Email: jak@klafteroslen.com
fran@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: tcollins@bm.net
bpodell@bm.net

In accordance with the Court's Order dated January 23, 2018, Plaintiffs respectfully submit this second supplemental memorandum in support of Plaintiffs' motion to compel the DOE. The issues raised herein concern: (i) DOE's continuing, improper instructions to DOE-related witnesses not to answer questions relevant to the claims and defenses in this case; (ii) DOE's refusal to produce a F.R.C.P. 30(b)(6) witness to give testimony concerning Fisker Automotive's compliance with the terms of the ATVM Loan and DOE's production of documents to Congress; and (iii) DOE's refusal to produce in unredacted form four DOE documents wrongfully asserting that the currently-redacted portions of these documents are protected by the deliberative process privilege.

# I. ARGUMENT

## A. DOE Continues To Instruct DOE Witnesses Not To Answer Questions That Are Central To DOE's and Defendants' Misconduct



[1] It will be recalled that, in the November 15, 2016 Order, granting in part and denying in part Plaintiffs' first motion to compel DOE, Judge Robinson "identified documents that relate to *the facts misrepresented in DOE's October 2011 press release.*" D.I. 243, at p. 3 (emphasis added; footnote omitted).


[2] With respect to the deposition of Ms. Nwachuku, DOE's counsel instructed Ms. Nwachuku not to answer questions concerning the following germane topics:



Plaintiffs are not presently seeking to reconvene the deposition of Mr. Sumner. However, Plaintiffs do request that the Court order DOE to produce Ms. Nwachuku to answer questions related to the topics above and order DOE's counsel to stop improperly instructing witnesses not to answer questions that are relevant to the claims and defenses in this case and proper under the Federal Rules of Civil Procedure.

---

[2] Ex. A, Sumner Tr. 135:11-140:10; Tr. 233:17 – 235:18.

**B. DOE Wrongfully Refuses To Produce A Rule 30(b)(6) Witness In Order To Cover Up Its Own Misconduct, Including DOE's Earlier Submission Of A Misleading Declaration To This Court**

Fisker Automotive's compliance with the terms of the ATVM Loan is a central issue in this case. On May 25, 2017, Plaintiffs issued a subpoena to DOE to produce a witness under F.R.C.P. 30(b)(6) to give testimony on the following three topics:

- Fisker Automotive's compliance with the terms of the Conditional Commitment Letter for the ATVM Loan. The Conditional Commitment Letter, issued by DOE on or about September 18, 2009, allocated $169.3 million for Fisker Automotive to complete the Fisker Karma and $359 million to complete the Fisker Nina.

- Fisker Automotive's compliance with the terms of the ATVM Loan, executed on or about April 22, 2010.

- DOE's productions of documents to Congress, including but not limited to whether the documents DOE was required to produce to Plaintiffs in accordance with the Court's Order dated November 15, 2016 (D.I. 243), were ever produced to Congress.[3]

On June 30, 2017, DOE sent a letter to Plaintiffs stating that DOE would refuse to produce a witness in response to this subpoena.[4]

As an initial matter, as shown above and in Plaintiffs' letter memorandum (D.I. 385), DOE has repeatedly instructed DOE witnesses not to answer *any* questions concerning Fisker Automotive's compliance with the ATVM Loan terms even though such issues were within their area of responsibility. DOE's refusal to produce a Rule 30(b)(6) witness to give testimony on these topics is simply a continuation of DOE's improper efforts to cover up its own – and, by extension – Defendants' wrongdoing.

---

[3] *See* Ex. C (May 25, 2017 letter to DOE's Deputy General Counsel and Ex. D thereto).

[4] *See* Ex. D.

[redacted]

[redacted]

[redacted]

[redacted].[5]

[redacted]. DOE regulations state that DOE employees "must: (1) Report actual or suspected violations of law, regulations, or policy, including fraud, waste, abuse, misuse, corruption, criminal acts, or mismanagement, relating to DOE programs , operations, facilities, contracts . . . to an appropriate authority." DOE Order 0 221.1A at ¶ 5.e(1) attached as Ex. G . [redacted]

[redacted]

[redacted]

[redacted]

[5] Ex. H, Donatucci Tr. 19:01 – 26:12; Ex. I, Mates Tr. 19:06 – 64:15, 80:18 – 80:12, 127:19 – 158:21; Ex. B, Nwachuku Tr. 204:06 – 219:19; Ex. A, Sumner Tr. 178:03 – 181:10.



[redacted]

[redacted].[6]

### C. DOE Is (Again) Improperly Asserting Deliberative Process Privilege Over Responsive Documents

As the Court held in its November 15, 2016 Order (D.I. 243), "[t]he deliberative process privilege does not protect factual information, even if such information is contained in an otherwise protectable document, as long as the information is severable." *Id*. at 1 quoting

---

[6]In addition, the failure to meet the Committed Equity Condition is an express "Event of Default" -- "Without Cure Period" -- under the ATVM Loan, a fact DOE apparently overlooked when DOE concocted this issue to distance itself from its discovery of Defendants' lies in June 2011. Ex. J (excerpts of LARA §§ 2.9, 10.1(e)). DOE never disclosed this default event, nor did DOE ever grant a waiver. [redacted] Plaintiffs are entitled to have DOE testify about this issue, which is further evidence of DOE's cover up.

Moreover, it appears DOE improperly withheld from Congress some or all of the documents that the Court later ordered DOE to produce to Plaintiffs. Plaintiffs should be allowed to seek testimony as to these issues, as it is part of DOE's cover up of the wrongdoing at Fisker Automotive – which Defendants are improperly trying to exploit for their own benefit.

*Redland Soccer Club, Inc. v. Department of Army*, 55 F.3d 827, 853 (3d Cir. 1995) (citation omitted). "The party seeking disclosure may overcome the claim of privilege by showing a sufficient need for the material in the context of the facts or nature of the case ... or by making a prima facie showing of misconduct.'" *Id*. at 1-2 (citations omitted).

Here, Plaintiffs request that the Court order DOE to produce in unredacted form four documents attached hereto as Exs. K through N. [redacted]

[redacted]

## II. CONCLUSION

Plaintiffs respectfully request that the Court grant the relief described above, and order the government to pay costs associated with bringing this motion and reconvening the requested depositions.

Dated: January 30, 2018

Respectfully submitted,

*/s/ P. Bradford deLeeuw*

ROSENTHAL, MONHAIT & GODDESS, P.A.
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
Tel: (302) 656-4433
Fax: (302) 658-7567
Email: nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

***Attorneys for Plaintiffs***

OF COUNSEL:

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 261-3553
Email: ko@klafterolsen.com

and

Jeffrey A. Klafter
Fran Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel: (914) 934-9200
Email: jak@klafterolsen.com
fran.rudich@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: tcollins@bm.net
bpodell@bm.net