**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. SHAREHOLDER LITIGATION | Case No. 13-cv-02100- DBS-SRF |

**MEMORANDUM OF NONPARTY U.S. DEPARTMENT OF ENERGY IN OPPOSITION TO PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL[1]**

**INTRODUCTION**

The non-party Department of Energy ("DOE") has provided plaintiffs with six deponents and forty-two hours of testimony, one declarant, and more than 28,000 pages of documents in this case, yet in successive requests, plaintiffs have sought to compel further unreasonable and unduly burdensome discovery. This brief opposes plaintiffs' most recent request -- to depose a Fed. R. Civ. P. 30(b)(6) witness that would only duplicate six deponents who have already testified, reopen a deposition to ask questions to which DOE properly objected, and obtain information that the Court has already ruled was properly withheld or whose equities are held by another Executive Branch office. These requests should be denied.

When seven current or former federal officials testify, under oath, consistently with one another, and consistently with facts laid out in more than 28,000 pages of documents produced on the same subjects, it is reasonable to conclude that those witnesses are attesting to the facts accurately and truthfully. Plaintiffs here, however, would have the Court draw the opposite conclusion, *i.e.*, that the seven witnesses are part of a conspiracy to "cover up" the alleged concealment by DOE of lies that a borrower, defendant Fisker Automotive ("Fisker"), allegedly told it in the spring of 2011. Evidence of such a conspiracy is nonexistent. Plaintiffs'

---

[1] As DOE has shown, *see* Supp. Mem. of U.S. Dep't of Energy in Opp. to Pls.' Mot. to Compel [ECF 410]; Letter from Lisa A. Olson to The Honorable Sherry R. Fallon (June 14, 2017), and as demonstrated in *Davis Enters. v. U.S. E.P.A.*, 877 F.2d 1181, 1186-88 (3d Cir. 1989), *cert. denied*, 493 U.S. 1070 (1990), this Court lacks jurisdiction to order a nonparty federal agency to engage in discovery absent the necessary waiver of sovereign immunity. Such a waiver can only be provided through a separate action brought under the Administrative Procedure Act.

speculation to the contrary does not warrant the imposition on non-party DOE of still further discovery.

## I.   A FED. R. CIV. P. 30(b)(6) DEPOSITION WOULD BE UNREASONABLE, CUMULATIVE, DUPLICATIVE, AND UNDULY BURDENSOME

Plaintiffs argue that DOE has declined to produce a Rule 30(b)(6) witness because DOE is trying to "cover up" wrongdoing. Pls.' 2d Supp. Mem. in Supp. of Mot. to Compel Dep't of Energy ("Pls.' 2d Mem.") at 3, 6 n.6. ████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████

As an initial matter, plaintiffs' assertions are factually incorrect and wholly unsubstantiated. DOE did *not* terminate Fisker's loan in June 2011, or *ever* conceal the fact that Fisker's loan was terminated. ████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

[2] Plaintiffs' assertion that DOE "overlooked" Fisker's failure to meet the Committed Equity Condition and "never disclosed this default event," Pl. 2nd Memo at 6 n.6, is based on erroneous assumptions. The Loan Arrangement and Reimbursement Agreement ("LARA") 10.2(g) (Exhibit 1, attached) gives DOE "the right, to be exercised (or not) in its complete discretion, to waive any covenant, Default or Event of Default by writing setting forth the terms, conditions

2

███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████ so the fact that Fisker was no longer receiving advances after June 2011 was no secret. ████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████

---

and extent of such waiver signed by DOE and delivered to the other parties hereto." ████████
█████████████████████████████████████████████████████ Given these waivers, there was no predicate default event to "cover up." There is also no basis for the contention that DOE improperly withheld documents from Congress. *See* Pls.' 2d Mem. at 6 n.6. DOE in fact produced the documents Congress requested while its investigation was active.

3 ██████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████ or for that matter, advising other investors, who are responsible for performing their own due diligence about the financial state of the venture in which they are investing, and who cannot properly rely on the Government for that purpose.



[redacted]

---

[redacted]

This informal characterization of Fisker's loan as having been "frozen" appears to have been coined by Representative Desantis in a Congressional hearing. *Examining the Dep't of Energy's Bad Bet on Fisker Automotive: Hearing before the Comm. on Oversight & Gov't*



*Reform*, House of Representatives, 113th Cong. 32 (2013) (Testimony of Nicholas Whitcombe)). Referring to the fact that Fisker appeared to have "missed the milestone requirements in February 2011 for launching the Karma," Representative Desantis asked Nicholas Whitcombe, a DOE senior investment officer, "So, you froze [Fisker's loan] in June 2011, correct?" *Id.* Mr. Whitcombe responded, "Yes, sir." *Id.* Mr. Whitcombe's acquiescence to that informal terminology may have stemmed from the fact ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[5] Plaintiffs allege that DOE failed to report Fisker's misconduct pursuant to OIG Directive 0 221.1A. Pls.' 2d Mem. at 5. Even if DOE had found misconduct and reported it to OIG, its referral to the OIG would have been protected from disclosure in accordance with the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552.

[6] ▮▮▮▮▮▮▮▮▮▮▮▮ The press release indicated that Fisker's "production schedule was delayed by

The contention that DOE did not allow any questions about Fisker's compliance with the ATVM Loan terms is inaccurate. A primary focus of the forty-two hours of deposition testimony provided by DOE was Fisker's compliance with the ATVM Loan terms.[7]

Finally, plaintiffs' accusations as to why DOE has not produced a Rule 30(b)(6) witness are also inaccurate. DOE declined to produce a Rule 30(b)(6) witness, not because it is engaged in a conspiratorial "cover up," but because producing such a witness would have been unreasonable, cumulative, duplicative, and unduly burdensome, as explained in DOE's June 30, 2017 letter to plaintiffs, which is incorporated herein. *See* Pls.' 2d Mem. Exhibit D. In short, DOE provided its *six* most knowledgeable witnesses, because those six witnesses had more first-hand knowledge about the range of issues plaintiffs intended to explore than any Rule 30(b)(6) witness could possibly have had. *See id.* Having done so, DOE did not grant plaintiffs' subsequent request for a Rule 30(b)(6) witness for obvious reasons. To educate a single Rule 30(b)(6) witness (who would most likely be one of the

---

regulatory issues that were outside of its control . . . ." ECF 243, at 3.  While plaintiffs suggest that the Court made a finding that DOE had "misrepresented" facts in this press release, Pls.' 2d Mem. at 1 n.1, the issue before the Court was whether DOE had properly asserted the deliberative process privilege with respect to certain documents, not whether DOE made misrepresentations in the press release. ECF 243 at 3.

six officials already deposed) to provide what in effect would be simply a composite version of the testimony of these six witnesses clearly would have been unduly burdensome to non-party DOE. *Id.* In addition, plaintiffs' proposed topics of inquiry concern allegations in a proposed third amended complaint whose filing has not been authorized by the Court. [8] *Id.*

In any event, plaintiffs' theories are far-fetched. Plaintiffs offer no rationale for why DOE would cancel a loan secretly in order to conceal the lies of a borrower, or why DOE then would conceal a borrower's default in order to hide its own alleged "cover up." Moreover, it defies credulity that seven current or former federal officials would conspire to lie under oath in order to "cover up" the alleged lie of a DOE borrower for no apparent reason. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (stating that public officials are ordinarily presumed to have "properly discharged their official duties"). ███████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

[8] Contrary to the representation in their brief that they seek testimony on three topics, Pls.' 2d Mem. at 3, plaintiffs represented that any Rule 30(b)(6) deposition of DOE would be "limited to the following" two topics:

1. Fisker's compliance with the $528.7 million Conditional Commitment Letter [CCL] dated September 18, 2009, which allocated $169.3 million for Fisker to complete the Fisker Karma and $359 million to complete the Fisker Nina.

2. Fisker's compliance with the ATVM [Advanced Technology Vehicles Manufacturing] loan executed on or about April 22, 2010, and the LARA [Loan Arrangement and Reimbursement Agreement].

Letter from Berger & Montague, P.C. to Eric J. Fygi at 7 (May 25, 2017) (Pls.' 2d Mem. Ex. C). Plaintiffs agreed to limit their request after DOE declined to allow the examination of a Rule 30(b)(6) witness concerning "DOE's productions of documents to Congress including but not limited [sic] whether the documents ordered by the Court to be produced to Plaintiffs in accordance with the Court's Order dated November 15, 2016 (Dkt. No. 243) were also produced to Congress," on grounds that such a request was far outside the scope of this case.



[redacted]

Because plaintiffs' allegations are unfounded, non-party DOE should not be required to produce a Rule 30(b)(6) witness in plaintiffs' hope of obtaining testimony that six depositions, a declaration, and more than 28,000 pages of documents have not yielded to date. Clearly such discovery would be an exercise in futility under the circumstances.

## II. THERE IS NO BASIS FOR REOPENING THE DEPOSITION OF FRANCES NWACHUKU

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



Ms. Nwachuku has already provided approximately seven-and-a-half hours of deposition testimony. DOE's objections to certain inappropriate questions were proper and did not prevent plaintiffs from inquiring into a wide range of areas about which Ms. Nwachuku had knowledge. It would be unduly burdensome to reopen Ms. Nwachuku's deposition and inappropriate to compel her testimony about privileged information and matters far outside the scope of her authorized testimony and this case. Plaintiffs' request for such testimony therefore should be denied.

### III. DOE PROPERLY HAS ASSERTED THE DELIBERATIVE PROCESS PRIVILEGE

Plaintiffs' request for information redacted as deliberative from Exhibit N should be denied, because DOE has properly asserted the deliberative process privilege over certain information contained in the document, which was produced on September 23, 2016. The Court denied plaintiffs' motion to compel the disclosure of this information in its November 15, 2016 Memorandum Order [ECF 243], after carefully reviewing the documents, along with others, *in camera*, and ordering that certain information be disclosed. ECF 243. Plaintiffs have offered no

9

new facts or circumstances that warrant the disclosure now of information that the Court has already reviewed and determined was properly redacted.

Regarding plaintiffs' request for the disclosure of information redacted from Exhibits K through M pursuant to the deliberative process privilege, DOE produced these documents on June 16, 2017, voluntarily in an effort to cooperate and accommodate plaintiffs' May 24, 2017 request for additional documents ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

## CONCLUSION

For all these reasons, in addition to those explained in DOE's prior submissions, which are incorporated herein, plaintiffs' motion to compel should be denied.

Respectfully submitted,

BY: CHAD A. READLER
Acting Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Director

/s/ **Lisa A. Olson**
LISA A. OLSON, D.C. Bar No. 384266
JOSEPH BORSON
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-5633
Facsimile: (202) 616-8470
Feb. 13, 2018          Email: lisa.olson@usdoj.gov