# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | : |  |
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. | : | Case No. 13-cv-02100-DBS-SRF |
| SHAREHOLDER LITIGATION | : |  |
|  | : |  |

## PLAINTIFFS' ANSWERING BRIEF IN RESPONSE TO DEFENDANTS KLEINER PERKINS' AND RAY LANE'S MOTION FOR A DECLARATORY JUDGMENT

ROSENTHAL, MONHAIT & GODDESS, P.A.
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
Tel: (302) 656-4433
Fax: (302) 658-7567
Email: nmonhait@rmgglaw.com
           bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

OF COUNSEL:

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 261-3553
Email: ko@klafterolsen.com

-and-

Jeffery A. Klafter, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Email: jak@klafterolsen.com
           fran@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: tcollins@bm.net
           bpodell@bm.net

Date: July 10, 2018

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ..........................................................................................................ii

I.      INTRODUCTION AND BACKGROUND ........................................................................ 1

II.     ARGUMENT ...................................................................................................................... 4

        A.      The Court Should Not Decide The Kleiner Defendants' Motion Until
                After The California Supreme Court's Decision In *Sheppard*................................ 4

III.    CONCLUSION................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                    **Page(s)**

*Eberle Design, Inc. v. Reno A&E,*
    354 F. Supp. 2d 1093 (D. Ariz. 2005) ...................................................................... 4

*Engineered Products Co. v. Donaldson Co., Inc.,*
    290 F. Supp. 2d 974 (N.D. Iowa 2003) ................................................................. 4, 8

*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manuf. Co., Inc.,*
    244 Cal. App. 4th 590 (Cal. App. 2d 2016) ..................................................... *passim*

*Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Trust,*
    No. 4:06-CV-316-Y, 2010 U.S. Dist. LEXIS 30358 (N.D. Tex. Mar. 25, 2010) ...................... 4

*Zador Corp. v. Kwan*
    31 Cal. App.4th 1285 [37 Cal. Rptr. 2d 754] ........................................................... 6

**Statutes**

Cal. Rule Prof. Conduct 1-100(D)(1) ...................................................................... 7

Cal. Rule Prof. Conduct 3-310(c) ................................................................. *passim*

Ct. Ch. Local Rule 83.6(b) .................................................................................. 8

## I.    INTRODUCTION AND BACKGROUND

Defendants Kleiner Perkins Caufield & Byers LLC ("Kleiner Perkins") and Ray Lane (Lane") (collectively, the "Kleiner Defendants") and Gibson Dunn & Crutcher LLP ("Gibson Dunn") concede that Plaintiff Atlas Capital Management, L.P. ("Atlas") -- Gibson Dunn's pre-existing client -- has not filed a motion to disqualify.  Nor has Atlas said that it currently intends to file a motion to disqualify Gibson Dunn from representing the Kleiner Defendants (though Atlas has refrained from assuring Gibson Dunn that it would not file such a motion).

What is really going on here is that, by this motion, the Kleiner Defendants (and by extension Gibson Dunn) seek a premature *prospective* blessing from this Court on the purported effectiveness of the advance waiver in Atlas' engagement letter with Gibson Dunn that could put the Court at odds with a pending ruling by the California Supreme Court in *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manuf. Co., Inc*., 244 Cal. App. 4th 590, 608-13 (Cal. App. 2d 2016) (appeal pending) ("*Sheppard*").  In the pending *Sheppard* appeal, a primary issue before the California Supreme Court is whether a boilerplate advance written consent (like the one that Gibson Dunn secured from Atlas here) can insulate a law firm from violating the California Rules of Professional Conduct when the law firm seeks to represent a client who is adverse to a current client.  The California intermediate appellate court already decided that such provisions cannot effectively provide such insulation.  Gibson Dunn is appellants' counsel in the *Sheppard* appeal, which was argued before the California Supreme Court on June 6, 2018.

As discussed below, the California Supreme Court ruling in *Sheppard*, once issued, will be relevant to the conduct of Mr. Celio and Gibson Dunn in any action in any court, including this action, because Mr. Celio is a member of the California bar and intends to practice law in Gibson Dunn's Palo Alto, California office.  In effect, the Kleiner Defendants and Gibson Dunn want to

hurry this Court along, hoping to undercut the impact of a possible ruling by the California Supreme Court affirming the lower court's decision that advance conflict waivers do not constitute "informed consent" and thereby violate the California Rules of Professional Conduct. The *Sheppard* case has drawn significant attention on both sides of the issue "with more than 50 major law firms line[d] up as amici behind Sheppard Mullin, while companies across multiple industries and the Association of Corporate Counsel backed [appellee] J-M." [1]

Notably, Gibson Dunn sat for a long time on this conflict issue with its client, Atlas. Gibson Dunn's general counsel, Jason Schwartz, told Plaintiffs' counsel the week before filing this motion that Mr. Celio's intention to join Gibson Dunn has been "in the works for months." Olsen Decl. at ¶ 3. Yet, the first inkling of this conflict that Gibson Dunn gave to Atlas came on June 6, 2018, when Atlas' Gibson Dunn counsel sent an email to Robert Alpert, Atlas' President and general partner. In that email, the attorney asked: "Robert: Are you involved in a securities fraud claim related to Fisker Automotive that involves Kleiner Perkins Caufield & Byers? There is an 'Atlas Capital' and 'Atlas Allocation Fund' party involved and I need to know if it is you." Mr. Alpert responded, "Yes I am!" [2]

Gibson Dunn did not contact Mr. Alpert again until June 20, 2018. In the ensuing conversations, the Gibson Dunn attorney first told Mr. Alpert that the advance conflict waiver provisions in the Atlas engagement letter controlled and that Gibson Dunn didn't need him to do anything further. *Id*. at ¶ 5. However, in subsequent conversations, the attorney indicated that Gibson Dunn wanted him to agree to waive any conflict posed by Gibson Dunn's representation of Kleiner Perkins. *Id*. Mr. Alpert refused. *Id*. Thus, the Kleiner Defendants and Gibson Dunn's

---

[1] Ex. E attached to the Declaration of Kurt B. Olsen ("Olsen Decl.").

[2] Declaration of Robert Alpert ("Alpert Decl.") at ¶ 4.

seeking of a declaratory judgment by this Court on an emergency basis is an "emergency" of their own making.  It does not merit a ruling by this Court at this juncture.

The most important material that the Court needs to consider in making an informed ruling on this "emergency" motion are facts and law that the Kleiner Defendants and Gibson Dunn neglect to bring to the Court's attention.  First, as noted above, Mr. Celio is a California lawyer subject to the California Rules of Professional Conduct, including Rule 3-310(c) entitled, "Avoiding the Representation of Adverse Interests."  The same is true of Gibson Dunn, since its Palo Alto, CA office is where Mr. Celio will be employed.  Just because Mr. Celio is subject to the rules of this Court because he was admitted *pro hac vice* (Def. Mem. at 7), does not change the fact that he (and Gibson Dunn) are *also* subject to California's Rule of Professional Conduct.

Second, Gibson Dunn did not attach the engagement letter between Atlas and Gibson Dunn (or request that Atlas permit them to do so), even though the terms of the engagement letter are central to the Court's determination of the merits of their motion.  That engagement letter does contain a boilerplate advance waiver upon which the Kleiner Defendants and Gibson Dunn rely to argue that Atlas "consented" to Gibson Dunn representing parties adverse to Atlas "such as Kleiner." Def. Mem. at 5; *See* Olsen Decl. Ex. B at pp. 2-3.  However, Gibson Dunn fails to mention that the engagement letter also contains an express choice-of-law provision mandating that California law will govern the agreement.  *Id*. at ¶ 21. Thus, the Court must apply California law *by contract* to determine whether the advance waiver at issue here is valid.

Third, and most significantly, in *Sheppard*, the California Supreme Court is poised to rule on the question of whether boilerplate advance waivers, like the one Atlas signed, constitute "informed written consent" in accordance with Cal. Rule Prof. Conduct 3-310(c). If the California Supreme Court affirms the appellate court's holding in *Sheppard*, Mr. Celio and Gibson Dunn will

be in violation of those standards if they undertake representation of the Kleiner Defendants. Such a violation would be directly relevant to their admission to practice law in this Court *pro hac vice*. Remarkably, the Kleiner Defendants and Gibson Dunn failed to mention *Sheppard* – either the California Appeals Court ruling or the pending appeal – to the Court, despite the fact Plaintiffs' counsel raised it with Gibson Dunn's general counsel last week, Ex. A Olsen Decl., and, as noted above, Gibson Dunn is appellants' counsel in *Sheppard*.

In short, the Kleiner Defendants' motion is, at best, premature, and should be summarily denied.

## II. ARGUMENT

### A. The Court Should Not Decide The Kleiner Defendants' Motion Until After The California Supreme Court's Decision In *Sheppard*

As an initial matter, it is not clear that this motion is ripe for consideration. Unlike the cases cited by Defendants, Atlas has not filed a motion to disqualify, nor has it threatened to file a motion to disqualify. Rather, Atlas has refused to waive the conflict and will evaluate its legal rights (including disqualification) once the California Supreme Court rules in *Sheppard*. Alpert Decl. at ¶ 6.[3]

---

[3] The cases cited by the Kleiner Defendants involve a clear intent by the offended party to file a motion to disqualify or an actual motion to disqualify the conflicted counsel. Def. Mem. at 6.  *See Eberle Design, Inc. v. Reno A&E*, 354 F. Supp. 2d 1093, 1094 (D. Ariz. 2005) ("[Plaintiff] asserts that Bryan Cave *will be disqualified* from acting as local counsel for [Defendant] if [conflicted attorney] joins the firm.") (emphasis added); *Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Trust*, No. 4:06-CV-316-Y, 2010 U.S. Dist. LEXIS 30358 at *9 (N.D. Tex. Mar. 25, 2010) (Plaintiff filed a motion in another court arguing that "any additional legal work rendered by defense counsel *in this case* further breaches the fiduciary duty those counsel owe to [plaintiff] as a result of the brief attorney-client relationship. . . .") (emphasis added); *Engineered Products Co. v. Donaldson Co., Inc.*, 290 F. Supp. 2d 974, 975-77 (N.D. Iowa 2003) ("*Engineered Products*") (attorney that formerly represented defendant "learned [defendant] *objected to his representation* of [plaintiff]" *after which* plaintiff's law firm filed a "motion for qualification" followed by defendant's motion to motion to disqualify counsel.) (emphasis added).

In the event that the Court believes the Kleiner Defendants' motion involves a ripe dispute, the Court should still not rule on this motion until the California Supreme Court rules on the appeal in *Sheppard* and decides whether boilerplate advance conflict waivers, like the one at issue here, constitute "informed written consent" in accordance with Cal. Rule Prof. Conduct 3-310(c). Contrary to the Kleiner Defendants' argument, California law is relevant to any decision by the Court here.

As stated above, Gibson Dunn inserted a California choice-of-law clause at ¶ 21 of the "Terms and Retention of Gibson Dunn & Crutcher, LLP", attached to the back of the engagement letter, stating: "Applicable Law.  This agreement shall be governed by the internal law, and not the law pertaining to choice or conflict of laws, of the State of California." Ex. B to Olsen Decl. Putting aside for the moment the fact that the California Rules of Professional Conduct apply here because Mr. Celio is a member of California bar practicing law at Gibson Dunn's Palo Alto, California office, the Court must apply California law to the advance conflict waiver at issue here as a matter of contract based on the terms of the engagement letter.

The upcoming decision by the California Supreme Court in *Sheppard* will likely be dispositive on the issue of whether an advance conflict waiver, like the one at issue here, is enforceable and/or whether such waivers comply with Cal. Rule Prof. Conduct 3-310(c).[4]

In *Sheppard*, the California Court of Appeals, Second Appellate District, Division Four, held that a law firm, Sheppard Mullin, violated the requirements of Cal. Rule Prof. Conduct 3-310(c) by simultaneously representing two clients adverse to each other even though the law firm had obtained a boilerplate advance written consent like the one that Gibson Dunn secured from

---

[4] *See* Ex. D to Olsen Decl. (Excerpt from Appellant's opening brief, authored by Gibson Dunn, stating that Issue No. 2 on appeal (out of three issues) is: "Can a sophisticated consumer of legal services, represented by independent counsel, give its informed consent to an advance waiver of conflicts of interest?"

Atlas.  *See Sheppard*, 244 Cal. App. 4th at 608-613 (section entitled "Sheppard Mullin violated

Rule 3-310").  The appeals court rejected the law firm's argument that the advance conflict waiver

in client's engagement letter complied with Cal. Rule Prof. Conduct Rule 3-310(C)(3) and stated

that:

> What Sheppard Mullin ignores, however, is that Rule 3-310(C)(3) requires
> *informed* written consent. "Where . . . a fully informed consent is not obtained, the
> duty of loyalty to different clients renders it impossible for an attorney, consistent
> with ethics and the fidelity owed to clients, to advise one client as to a disputed
> claim against the other.") [citation omitted]
>
> Here, the undisputed facts demonstrate that Sheppard Mullin did not disclose *any*
> information to [its current client] J-M about a conflict with South Tahoe. The
> Agreement includes a boilerplate waiver that included no information about any
> specific potential or actual conflicts.
>
> *Id*. at 610 (emphasis in original).

The appeals court then concluded that "[b]ecause Sheppard Mullin failed to secure

informed written consent to the conflict *before or during* its representation of J-M, the

[engagement agreement] violated Rule 3-310." *Id*. at 613 (emphasis added).  In doing so, it rejected

Sheppard Mullin's argument "that finding the conflict waiver provision inadequate would 'upend

countless agreements between lawyers and their clients and wreak havoc on the practice of law in

this State' [and stated] . . . . [w]e would not be the first court to reject an uninformed, blank

advance waiver such as the one at issue in this case." *Id*. at 613 n.6.[5]

---

[5] To the extent the law firm knew of, but failed to disclose, an existing conflict with the client when the
client signed the engagement letter with the advanced waiver provision, this is a distinction without a
difference.  The appeals court's focus was on whether the client consented to the conflict (even a second
time) once all facts become known. Specifically, in *Sheppard*, the court discussed the law firm's reliance
on *Zador Corp. v. Kwan* (1995) 31 Cal.App.4th 1285 [37 Cal. Rptr. 2d 754] ("*Zador*"), in arguing that the
advance waiver "was sufficient." *Id*. at 611.  The court specifically noted that the pivotal issue was the fact
that, unlike the case before it, the client in *Zador* had "'reaffirmed his agreement to the consent form. . . .'"
once the actual conflict became known. Unlike the situation in *Zador*, but like that in *Sheppard*, Atlas
refused to "reaffirm" the advance waiver with respect to Gibson Dunn's representation of the Kleiner
Defendants. Alpert Decl. at ¶ 6.

The "boilerplate waiver" in *Sheppard* is the same type of waiver at issue here.  The Kleiner Defendants concede that the legitimacy of the advance waiver in Atlas' engagement letter is central to the relief they seek here.  *See, e.g.,* Def. Mem. 2-4 (discussing significance of advance waiver); 5 (stating that "[t]his dispute is easily resolved on at least two different bases. First, Atlas has consented to the 'concurrent' conflict of interest that would be posed by Gibson Dunn's representation of Kleiner in this litigation while simultaneously representing Atlas in other, unrelated matters.");[6] 7-8 (section entitled "The Prospective Waiver is Valid and Enforceable"). It would be premature for the Court in effect to rule on this issue when the California Supreme Court will soon likely issue a dispositive ruling on whether advance waivers violate Cal. Rule Prof. Conduct 3-310(c).

In addition to the contractual terms applying California law, Mr. Celio and Gibson Dunn, as California lawyers, are also bound here by the California Rules of Professional Conduct.  The Kleiner Defendants cite to Cal. Rule Prof. Conduct 1-100(D)(1) for the proposition that the California Rules of Professional Conduct "provide that they do *not* apply to attorneys practicing outside the state who are subject to rules of that particular jurisdiction."  But they misstate that Rule. Def. Mem. at 7 n.2 (emphasis in original).

That Rule, which the Kleiner Defendants do not quote, states, "These rules shall govern the activities of members in and outside this state, except as members lawfully practicing outside this state may be *specifically required by a jurisdiction* in which they are practicing to follow Rules of Professional Conduct *different from these rules*." (Emphasis added.) The issue here is the enforceability of a boilerplate advance waiver.  The rules in this jurisdiction are *not* in conflict

---

[6] The Kleiner Defendants' other argument is that "disqualification is neither required nor warranted." Def. Mem. at 5.  Plaintiff addresses that argument below.

with California's rules because there is no rule, either here or in California, stating that advance waivers are per se valid.  In addition, there is no rule or precedent in this Court requiring it to disregard California law on this subject with respect to California lawyers.[7]

This Court's Local Rule 83.5(c) governs the admission to practice before this Court *pro hac vice*. The form for admission *pro hac vice* in this Court requires that the moving attorney certify that he/she is "in good standing as a member of the Bar of _____ and pursuant to Local Rule 83.6 submit[s] to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action."  Should the California Supreme Court rule that advance waivers violate Cal. Rule Prof. Conduct 3-310(c) while Mr. Celio and Gibson Dunn represent the Kleiner Defendants, Mr. Celio could be subject to disciplinary action and other sanctions imposed by the California Supreme Court.  Any such disciplinary action or sanctions are required to be reported to this Court pursuant to Local Rule 83.6(b), "Discipline Imposed by Other Courts", and, under Local Rule 83.6(b)(5), the "Court shall maintain the imposition of the identical discipline" unless certain conditions warrant otherwise.

The Kleiner Defendants' other argument, that disqualification is "disfavored" (Def. Mem. at 9), is not applicable here.  None of the cases cited by the Kleiner Defendants in support of their argument concerns the situation where an attorney is in violation of the attorney's state bar rules of professional conduct and/or Cal. Rule Prof. Conduct 3-310(c).  Indeed, as the cases cited by the Kleiner Defendants show, courts also routinely disqualify counsel for conflicts of interest.  *See, e.g., Engineered Products Co.*, 290 F. Supp. 2d at 985-86 (denying motion for qualification of counsel and granting motion to revoke the *pro hac vice* admissions of conflicted attorneys).

---

[7] Compare Model Rules of Professional Conduct of the American Bar Association, attached as Ex. 1 to the Kleiner Defendants' brief at 2, discussing Rule 1.7 and "concurrent conflict of interest", with Cal. Rule Prof. Conduct 3-310(c), attached as Ex. C to the Olsen Decl.

Besides Mr. Celio, the Kleiner Defendants have four other attorneys at Mr. Celio's prior law firm, Keker Van Nest, currently representing them, including three partners at the firm, Laurie Mims, Sean Arenson, and Sophie Hood.  *See* Olsen Decl. at ¶ 8.  Despite the Kleiner Defendants' high minded statements about Mr. Celio's importance to their representation, the outcome of this motion will be less likely to impact the quality of the Kleiner Defendants' representation and more likely to determine which set of attorneys could potentially receive a large amount of attorney fees going forward.

It also bears mentioning that the dispute here between Atlas and the Kleiner Defendants, whom Gibson Dunn seeks to represent, involves allegations of intentional misconduct.  As explained in briefs pending before this Court, the Kleiner Defendants and other Defendants, *inter alia*, used "Three Different Sets of Financial Forecasts" to defraud Atlas and other investors (as well as the U.S. Department of Energy) out of hundreds of millions of dollars.  *See, e.g.,* Plaintiffs' Opening Brief In Support Of Motion To Modify The Court's Orders Docket Nos. 434, 459 & 466 at 6 (D.I. 489).  Atlas rightly believes that for its lawyers, Gibson Dunn, to represent Atlas and also the Kleiner Defendants in this highly contentious action is offensive regardless of whatever "ethical wall" Gibson Dunn proposes to erect. Def. Mem. at 11. Alpert Decl. at ¶ 8.

## III.    CONCLUSION

Mr. Celio (and Gibson Dunn) can represent the Kleiner Defendants and take their chances with an adverse ruling in *Sheppard* and any attendant consequences if they wish. However, by prematurely seeking the Court's blessing now on this conflict, they seek prospectively to insulate themselves from the adverse consequences of their decision that might arise from the appeal in *Sheppard*.  That is improper.

For the foregoing reasons, Plaintiffs respectfully request that the Kleiner Defendants' motion be denied.

Dated: July 10, 2018

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ P. Bradford deLeeuw*
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Wilmington, DE 19801
Telephone: (302) 656-4433
Facsimile: (302) 658-7567
Email:  nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Kurt B. Olsen
KLAFTER OLSEN & LESSER LLP
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
Telephone: (202) 261-3553
Facsimile: (202) 261-3533
Email: ko@klafterolsen.com

Jeffrey A. Klafter Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
Email: jak@klafterolsen.com
       fran@klafterolsen.com

Todd S. Collins
Barbara A. Podell
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email:  tcollins@bm.net
        bpodell@bm.net