# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. | : | Case No. 13-cv-02100-DBS-SRF |
| SHAREHOLDER LITIGATION | : | |
| | : | |

## PLAINTIFFS' LIMITED OBJECTION TO THE COURT'S MEMORANDUM OPINION DENYING IN PART PLAINTIFFS' MOTION TO COMPEL THE U.S. DEPARTMENT OF ENERGY ("DOE")

ROSENTHAL, MONHAIT & GODDESS, P.A.
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
(302) 656-4433
nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

OF COUNSEL:

KLAFTER OLSEN & LESSER LLP
Kurt B. Olsen
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036
(202) 261-3553
ko@klafterolsen.com

-and-

Jeffery A. Klafter, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
jak@klafteroslen.com
fran@klafterolsen.com

BERGER & MONTAGUE, P.C.
Todd S. Collins
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
tcollins@bm.net
bpodell@bm.net

Date: August 23, 2018

## I.     INTRODUCTION

In accordance with the Court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, Plaintiffs respectfully submit this limited Objection to the Court's Memorandum Opinion (the "Opinion") (D.I. 533) denying Plaintiffs' motion to compel discovery from the Department of Energy (the "Motion") (D.I. 385). The Objection is limited to the Court's demonstrably inaccurate factual determination that the Department of Energy's ("DOE") headquarters is *not* located within 100 miles of the United States Courthouse in Wilmington, Delaware (the "Courthouse").  The Court's error could impact Plaintiffs' ability to have this Court address potential future disputes with the DOE concerning witness availability for deposition and trial.  As a consequence, Plaintiffs seek to have this part of the Opinion reversed.

## II.    ARGUMENT

In Plaintiffs' Supplemental Memorandum in support of the Motion at 9-10 (D.I. 398), Plaintiffs showed that DOE's headquarters is located within 100 miles of the Courthouse based on a straight line calculation.[1]  As discussed previously, this Court, and most federal courts, apply a straight line distance measurement as opposed to driving distance to determine the 100 mile jurisdictional limit.  *See* Reply Brief at 18, citing *Zoetics, Inc. v. Yahoo, Inc.*, 2006 U.S. Dist. LEXIS 46910 (D. Del. July 6, 2006) (citation omitted) (holding that witnesses within 100 miles of Wilmington, DE based on a straight-line calculation of distance were within the Court's subpoena

---

[1] *See* Plaintiffs' Supplemental Memorandum,  referencing Plaintiffs' Reply Brief in Support of Motion to Compel Discovery from the United States Department of Energy ("DOE") (D.I. 122) and Answering Brief in Response to to DOE's Motion to Quash and for a Protective Order (D.I. 147) at 18-19 and n.11 (D.I. 155) (the "Reply Brief").  As discussed in the Reply Brief, under established law, the 100 miles is measured on a straight line basis, and three online calculators show that the Court is within 100 miles of the DOE's headquarters. *Id.* (citing http://tjpeiffer.com/crowflies.html; http://www.mapdevelopers.com/distance_from_to.php; http://www.distancefromto.net/).  Screen shots from those websites showing the calculated distance are attached hereto as Ex. A.

power), and *Hill v. Equitable Bank, Nat'l Ass'n.*, 115 F.R.D. 184, 186 (D. Del. 1987) (holding that

the correct interpretation of the 100-mile rule is to "measure mileage by a straight-line on a map"

and explicitly rejecting mileage as determined by route of travel).[2]

In the Opinion, however, the Court held that DOE was *not* within 100 miles of the

Courthouse. Opinion at 12.   Specifically, the Court stated:

> Plaintiffs argue that this court is the proper venue to resolve this dispute under Rule 45. (D.I. 398 at 9) Plaintiffs argue that Rule 45(c)(1)(A) does not limit the 'place of compliance' to a single court, but, alleges that because this court is within 100 miles of DOE's Washington D.C. office, it is also a place of compliance under the rule. (D.I. 398 at 9-10; 3/9/18 Tr. at 13: 18-19) However, *the District Court for the District of Delaware is more than 100 miles from DOE's Washington D.C. headquarters,* [FN 15] *and, therefore, cannot be deemed a "place of compliance" as Plaintiffs contend.* Plaintiffs do not make any other argument as to why this court is the proper venue.

*Id*. (emphasis added).

At footnote 15 referenced in the quote above, the Court stated further that:

> DOE's headquarters is located at 1000 Independence Avenue SW, Washington, D.C. 20585. DEPARTMENT OF ENERGY, *About Us*, https://www.energy.gov/about-us (last visited March 16, 2018).  The District Court for the District of Delaware is located at 844 North King Street, Wilmington, Delaware 19801. *The District of Delaware is 110 miles from DOE's headquarters.*

*Id*. at 12, n. 15 (emphasis added)

As stated above, it is the rule in this Court and others that the 100 mile limit is determined

on a straight line basis, not on the basis of driving distance. As shown by Exhibit A attached hereto,

DOE's headquarters is situated within 100 miles based on a straight line distance calculation. The

---

[2] *See also Berger v. Cushman & Wakefield of Pa., Inc.*, 12 Civ. 9224 (JPO), 2013 U.S. Dist. LEXIS 122547 at *34-35 (S.D.N.Y. August 28, 2013) (same; collecting cases); *McDaniel v. BSN Med., Inc.*, NO.: 4:07CV-36-M2010, U.S. Dist. LEXIS 59392 at *4-8 (W.D. Ky. Jun. 16, 2010) (collecting cases and treatises and finding straight line rule applied to measure the 100 mile requirement, not driving distance). In the Opinion, the Court may have measured driving distance, which does appear to be approximately 110 miles.

Court was thus mistaken in its belief that DOE's headquarters is more than 100 miles from this Court.

## III.       CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court modify the Opinion to reflect that DOE's headquarters is located within 100 miles of the Courthouse.

Dated: August 23, 2018                    ROSENTHAL, MONHAIT & GODDESS, P.A.

                                          */s/ P. Bradford deLeeuw*
                                          Norman M. Monhait (#1040)
                                          P. Bradford deLeeuw (#3569)
                                          919 Market Street, Suite 1401
                                          Wilmington, DE 19801
                                          (302) 656-4433
OF COUNSEL:                               nmonhait@rmgglaw.com
                                          bdeleeuw@rmgglaw.com
Kurt B. Olsen
KLAFTER OLSEN & LESSER LLP                *Attorneys for Plaintiffs*
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 261-3553
ko@klafterolsen.com

Jeffrey A. Klafter Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
jak@klafterolsen.com
fran@klafterolsen.com

Todd S. Collins
Barbara A. Podell
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
tcollins@bm.net
bpodell@bm.net