## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | : |  |
| IN RE FISKER AUTOMOTIVE HOLDINGS, INC. | : | C.A. No. 13-02100-CFC-SRF |
| SHAREHOLDER LITIGATION | : |  |
|  | : |  |

## JOINT STATUS REPORT

In accordance with the Court's Order dated August 27, 2018, the parties in the above-referenced action respectfully submit this joint status report, which includes the next event the parties believe the Court should schedule.

### A.    Case Overview

Plaintiffs allege in this case that the information provided to potential investors in offerings of securities in Fisker Automotive, Inc. ("Fisker" or the "Company") contained misrepresentations and omissions. Fisker was a green energy startup company that built luxury hybrid electric cars. Fisker filed for bankruptcy on November 22, 2013 after obtaining a $528.7 million loan (the "ATVM Loan") from the U.S. Department of Energy ("DOE") and $21.5 million in grants from the State of Delaware, and raising over $1.1 billion from accredited investors. Plaintiffs in this case are sixteen of those investors.

The current Defendants are: (i) Ray Lane ("Lane"), who was Chairman of Fisker's board of directors, and the venture capital firm of which he was a managing partner, Kleiner Perkins Caufield & Byers ("Kleiner Perkins"); (ii) the Company's co-founders, Henrik Fisker and Bernhard Koehler, Fisker's one-time CEO and COO, respectively; (iii) Joe DaMour, one of Fisker's CFOs; (iv) Richard Li Tzar Kai ("Li"), a Fisker director and/or shareholder; and (v) Keith Daubenspeck ("Daubenspeck"), a Fisker director and co-founder of Advanced Equities, Inc. ("AEI"), a placement agent for the offerings. Plaintiffs assert individual (not class action) claims

against Defendants for violations of the Securities Exchange Act of 1934 (the "Exchange Act") and for common law fraud, in connection with their purchases of Fisker securities in the offerings.

Plaintiffs initiated this action on December 27, 2013 (D.I. 1) and filed a first amended complaint (the "FAC") on July 23, 2014 (D.I. 24).  The Court granted, in part, and denied, in part, Defendants' motions to dismiss the FAC (D.I. 29, 31, 33, 36, 38, 43) on September 9, 2015 (D.I. 69-70, 81-82 (as revised October 15, 2015)).[1]  Thereafter, the parties engaged in significant document and deposition discovery.

On April 15, 2016, Plaintiffs moved for leave to file a second amended complaint ("SAC") to add a count for common law fraud against the Defendants (D.I. 130).  The Court granted the motion on May 16, 2016 (D.I. 144).  Defendants moved to dismiss the SAC on June 15, 2016 (D.I. 158-164), and the Court denied that motion on February 7, 2017 (D.I. 283-284).

On May 12, 2017, Plaintiffs filed a motion seeking leave to file a Third Consolidated Amended Complaint ("TAC"), which would add certain claims and name additional defendants (the "Motion for Leave to Amend") (D.I. 353).[2]  Defendants opposed the Motion for Leave to Amend (D.I. 389), and Plaintiffs replied (D.I. 415).  The Honorable D. Brooks Smith heard oral argument on this motion on July 27, 2017 (D.I. 419), but no ruling has been issued and the motion remains pending.

---

[1] The Court: (1) granted the motions to dismiss with respect to claims asserted under the Securities Act of 1933 and with respect to all claims asserted against Peter McDonnell, AEI's lead banker for the Offerings; (2) stayed the motions to dismiss for lack of personal jurisdiction filed by Richard Li Tzar Kai and Ace Strength, Ltd. ("Ace"), pending the completion of jurisdictional discovery; and (3) denied the motions to dismiss with respect to claims asserted under the Exchange Act against defendants (other than Li and Ace, while the jurisdictional issues remained).

[2] One additional defendant named in the TAC is Orrick, Herrington & Sutcliffe LLP, Fisker's outside counsel.  The other defendants the TAC proposes to add are the specific Kleiner Perkins LLC investment entities involved in Fisker.

On August 18, 2017, the Court granted the parties' request to vacate the case schedule then in place—under which fact discovery had been scheduled to close in September 2017—and to stay further proceedings to facilitate a mediation.  (D.I. 434).  As the parties reported to the Court in a December 11, 2017 Joint Submission (D.I. 455), the mediation was not successful, and the parties disputed whether discovery should resume while Plaintiffs' Motion for Leave to Amend (D.I. 353) remained pending.  Judge Smith ordered that limited deposition discovery should resume in advance of a ruling on the Motion for Leave to Amend (D.I. 459, 466).  That discovery was completed by the end of April 17, 2018.  Plaintiffs then moved to lift the stay completely, which Defendants opposed (D.I. 488, 507, 514).  No ruling has been issued on that motion to lift the stay, which remains pending.

On August 21, 2018, Judge Smith denied Defendant Li's motion to dismiss for lack of personal jurisdiction, but granted Defendant Ace's motion to dismiss for lack of personal jurisdiction (D.I. 545).

> **B.      Discovery Taken to Date**

Document discovery is largely completed.  To date, Plaintiffs have deposed approximately 24 witnesses, and Defendants have deposed approximately 12 of the 16 Plaintiffs.  Plaintiffs believe that they have approximately 3-4 fact witness depositions that remain to be taken as well as the depositions of the Defendants.  Defendants also have a handful of additional witnesses to depose, including the remaining Plaintiffs.  Expert discovery also remains outstanding.  If the Court grants the pending Motion for Leave to Amend, Defendants believe that further motions to dismiss may be filed (including by any newly-added Defendants).  Defendants expect that any such motions would challenge the new and/or amended allegations in the proposed TAC, and

would not revisit arguments that the Court previously rejected in its rulings on previous motions to dismiss.

Plaintiffs' position is that the current Defendants agreed to the prior Scheduling Orders in this action that set deadlines to "join other parties and amend the pleadings" shortly before the close of fact discovery (*See* D.I. 84, 152, 212), and that the Court should not entertain further motions from the current Defendants that would retread arguments the Court has rejected in two prior motions to dismiss.

In the event further motions to dismiss are filed, the parties will likely disagree about whether or not discovery should be stayed pursuant to the Private Securities Litigation Reform Act while the motions are addressed. The parties also anticipate potential disagreement concerning the extent to which any newly-added defendants may need to revisit discovery already taken, or take additional discovery.

### C.     Pending Motions and Events to be Scheduled

Currently pending before the Court are: (i) Plaintiffs' Motion for Leave to Amend (D.I. 353), which is addressed above; (ii) Plaintiffs' Motion to Lift the Stay (D. I. 488), also addressed above; and (iii) Plaintiffs' Motion to Compel Defendant Bernhard Koehler to Produce All Documents Withheld and/or Redacted Based on the Attorney Client Privilege (D.I. 310), a discovery dispute pending before Magistrate Judge Fallon.

The parties respectfully submit that a ruling on Plaintiffs' Motion for Leave to Amend is needed in order to allow the case to move forward.

The parties also respectfully request that the Court schedule a status conference at its earliest convenience, during which the parties will be prepared to address any outstanding matters and, if the Court wishes, present oral argument on the pending motions.

Dated: September 11, 2018

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ P. Bradford deLeeuw*
Norman M. Monhait (#1040)
P. Bradford deLeeuw (#3569)
919 Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Kurt B. Olsen
KLAFTER OLSEN & LESSER LLP
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 261-3553
ko@klafterolsen.com

Jeffrey A. Klafter
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
jak@klafterolsen.com
fran@klafterolsen.com

Todd S. Collins
Barbara A. Podell
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
tcollins@bm.net
bpodell@bm.net

ABRAMS & BAYLISS LLP

*/s/ Daniel J. McBride*
A. Thompson Bayliss (#4379)
Daniel J. McBride (#6305)
20 Montchanin Rd., Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
mcbride@abramsbayliss.com

*Attorneys for Defendant Henrik Fisker*

OF COUNSEL:

James N. Kramer
Lacey Bangle
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
jkramer@orrick.com
lbangle@orrick.com

Kevin M. Askew
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
(213) 629-2020
kaskew@orrick.com

William J. Foley
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212)506-5000
wfoley@orrick.com

WILSON SONSINI GOODRICH & ROSATI, PC

*/s/ Ian R. Liston*
William B. Chandler III (#116)
Ian R. Liston (#5507)
Eight West Laurel Street
Georgetown, DE 19947
(302) 304-7606
wchandler@wsgr.com
iliston@wsgr.com

*Attorneys for Defendant Bernhard Koehler*

OF COUNSEL:

Steven Guggenheim
Luke A. Liss
WILSON SONSINI GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
sguggenheim@wsgr.com

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Samuel A. Nolen*
Samuel A. Nolen (#971)
Katharine Lester Mowery (#5629)
Renée M. Mosley (#6442)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
nolen@rlf.com
mowery@rlf.com
mosley@rlf.com

OF COUNSEL:

Glenn M. Kurtz
Douglas P. Baumstein
Kimberly A. Haviv
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
gkurtz@whitecase.com
dbaumstein@whitecase.com
khaviv@whitecase.com

*Attorneys for Defendants Richard Li Tzar Kai and Ace Strength Ltd.*

PEPPER HAMILTON LLP

*/s/ M. Duncan Grant*
M. Duncan Grant (#2994)
Christopher B. Chuff (#5729)
1313 N. Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899
(302) 777-6500
grantm@pepperlaw.com
chuffc@pepperlaw.com

*Attorneys for Defendant Keith Daubenspeck*

PRICKETT, JONES & ELLIOTT, P.A.

*/s/ J. Clayton Athey*
J. Clayton Athey (4378)
1310 King Street, Box 1328
Wilmington, DE 19899
(302) 888-6500
jcathey@prickett.com

OF COUNSEL:

Peter M. Stone
Edward Han
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1800
peterstone@paulhastings.com
edwardhan@paulhastings.com

*Attorneys for Defendant Joe DaMour*

POTTER ANDERSON & CORROON, LLP

/s/ Brian C. Ralston
Brian C. Ralston (#3770)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Flr.
1313 N. Market St.
P.O. Box 951
OF COUNSEL:                              Wilmington, DE 19801
                                        (302) 984-6000
Michael D. Celio                        bralston@potteranderson.com
GIBSON, DUNN & CRUTCHER LLP             bpalapura@potteranderson.com
1881 Page Mill Road
Palo Alto, CA 94304-1211                *Attorneys for Defendants Kleiner Perkins*
(650) 849-5326                          *Caufield & Byers and Ray Lane*
mcelio@gibsondunn.com