IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| *IN RE FISKER AUTOMOTIVE* | : | |
| *HOLDINGS, INC.* | : | Civil Action No. 13-2100-CFC |
| *SHAREHOLDER LITIGATION* | : | \*\*\* SEALED \*\*\* |
| | : | |
| | : | |
| | : | |
| | : | |

---

Norman M. Monhait, P. Bradford deLeeuw, ROSENTHAL, MONHAIT & GODDESS, P.A., Wilmington, Delaware; Kurt B. Olsen, KLAFTER OLSEN & LESSER LLP, Washington, District of Columbia; Jeffrey A. Klafter, Fran L. Rudich, KLAFTER OLSEN & LESSER LLP, Rye Brook, New York; Todd S. Collins, Barbara A. Podell, BERGER & MONTAGUE, P.C., Philadelphia, Pennsylvania

　*Counsel for Plaintiffs*

A. Thompson Bayliss, Daniel J. McBride, ABRAMS & BAYLISS LLP, Wilmington, Delaware; James N. Kramer, Lacey Bangle, ORRICK, HERRINGTON & SUTCLIFFE LLP, San Francisco, California; Kevin M. Askew, ORRICK, HERRINGTON, & SUTCLIFFE LLP, Los Angles, California; William J. Foley, ORRICK, HERRINGTON, & SUTCLIFFE LLP, New York, New York

　*Counsel for Defendant Henrik Fisker*

William B. Chandler III, Ian R. Liston, WILSON SONSINI GOODRICH & ROSATI, PC, Georgetown, Delaware; Steven Guggenheim, WILSON SONSINI GOODRICH & ROSATI, PC, Palo Alto, California

　*Counsel for Defendant Bernhard Koehler*

Samuel A. Nolen, Katharine Lester Mowery, Renée M. Mosley, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; Glenn M. Kurtz, Douglas P. Baumstein, Kimberly A. Haviv, WHITE & CASE LLP, New York, New York

*Counsel for Defendants Richard Li Tzar Kai and Ace Strength Ltd.*

M. Duncan Grant, Christopher B. Chuff, PEPPER HAMILTON LLP, Wilmington, Delaware

*Counsel for Defendant Keith Daubenspeck*

J. Clayton Athey, PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware; Peter M. Stone, Edward Han, PAUL HASTINGS LLP, Palo Alto, California

*Counsel for Defendant Joe DaMour*

Brian C. Ralston, Bindu A. Palapura, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware; Michael D. Celio, GIBSON, DUNN & CRUTCHER LLP, Palo Alto, California

*Counsel for Defendants Kleiner Perkins Caufield & Byers, LLC & Ray Lane*

## MEMORANDUM OPINION

_____                              OCTOBER 12, 2018
CONNOLLY, UNITED STATES DISTRICT JUDGE

On May 12, 2017, Plaintiffs filed a motion for leave to file a third amended complaint in this consolidated securities and common-law fraud case. For the reasons discussed below, I will grant in part and deny in part the motion.

## BACKGROUND

Plaintiffs are shareholders of Fisker Automotive Holdings, Inc., a start-up launched in 2003 with the stated intent of manufacturing novel, hybrid-electric luxury cars.  There are currently seven Defendants in the case: Kleiner Perkins Caufieled & Byers ("Kleiner Perkins"), a venture capital firm and controlling shareholder of Fisker; Ray Lane, the former Chairman of Fisker's board of directors and the managing partner of Kleiner Perkins; Henrik Fisker, the co-founder and former CEO and director of Fisker; and four other former executives and/or directors of Fisker (Bernhard Koehler, Richard Li Tzar Kai, Keith Daubenspeck, and Joe DaMour).  Consistent with the parties' practice to date, I will refer to Lane and Kleiner Perkins collectively as "the Kleiner Perkins Defendants" and I will refer to the remaining five Defendants collectively as the "Non-Kleiner Perkins Defendants."

In November 2013, after raising more than $650 million in capital and securing a loan commitment of $529 million from the U.S. Department of Energy, Fisker filed for bankruptcy.  One month later, the first of three Fisker shareholder actions was filed in this Court.  (D.I. 1.)  This consolidated action joined the three lawsuits in July 2014.  In their Consolidated Amended Complaint, Plaintiffs alleged that Defendants violated provisions of the 1933 Securities Act and the

1934 Securities Exchange Act in connection with the sale of Fisker stock.  (D.I. 24.)

Defendants moved to dismiss the Consolidated Amended Complaint, and the Court granted in part and denied in part Defendants' motion on October 15, 2015. (D.I. 81.)  Five days later, the Court issued a Scheduling Order, directing the parties to complete fact discovery by November 9, 2016 and to file all motions for amendments of pleadings, including the joinder of parties, before November 23, 2016.  (D.I.  84.)

The parties then began to engage in discovery.  (*See, e.g.,* D.I. 117 at 2.)  In April 2016, Plaintiffs filed, with the Court's leave, an unopposed Second Amended Complaint, adding a common-law fraud claim and amending the original Exchange Act claims.  (D.I. 145.)  In June and September 2016 and again in January 2017, at the parties' request, the Court extended the deadlines for the completion of fact discovery and the filing of motions to amend the pleadings.  (D.I. 152, 212, 256.)

Because of scheduling issues for depositions of witnesses from Kleiner Perkins, the parties agreed in March 2017 to seek jointly the Court's permission to extend once again the deadline to file pleading amendments.  To that end, the parties filed with the Court a stipulation and proposed order (the "Stipulated Order") that read in relevant part:

- 4 -

WHEREAS, Plaintiffs and counsel for Kleiner Perkins and Ray Lane (the "Kleiner Perkins Defendants") have agreed, subject to Court approval, that the Scheduling Order should be amended to extend the deadline for motions to join other parties and amend the pleadings until May 12, 2017;

WHEREAS, Defendants Henrik Fisker, Richard Li Tzar Kai, Ace Strength Ltd.,[1] Bernard Koehler, Joe DaMour and Keith Daubenspeck (the "Non-Kleiner Perkins Defendants") do not believe that there is good cause to amend the Scheduling Order as to the Non-Kleiner Perkins Defendants, but in the interests of efficiency and judicial economy they do not object to the proposed amendment of the Scheduling Order subject to the terms set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel and subject to approval of the Court, as follows:

1. Section 3 of the Scheduling Order is amended to provide that all motions to join other parties and amend the pleadings shall be filed on or before May 12, 2017 (currently March 23, 2017).

2. On or before April 7, 2017, Plaintiffs shall provide to Defendants (but need not file with the Court) a draft amended complaint (the "April 7 Draft") containing any proposed amendments which bear on Plaintiffs' claims against the Non-Kleiner Perkins Defendants.

3. Absent a finding of good cause pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs shall not later be granted leave to assert additional allegations bearing on their claims against the Non-Kleiner Perkins Defendants to the extent such allegations were not contained in the April 7 Draft.

4. By agreeing to this Stipulation, the Non-Kleiner Perkins Defendants do not waive any objections to any motion by

---

[1] Ace Strength, Inc. was dismissed as a defendant in this action when Chief Judge Smith granted Ace's motion to dismiss for lack of personal jurisdiction. (D.I. 545.)

Plaintiffs for leave to amend their complaint, and expressly
preserve all such objections, including any argument that
Plaintiffs have unduly delayed seeking leave to amend.

(D.I. 315.)  The Stipulated Order included a "So Ordered" line for the Court's

signature.  On March 21, 2017, the Court signed and entered the Stipulated Order.

(D.I. 315.)

On April 7, 2017, Plaintiffs provided Defendants with a draft Third

Amended Complaint.  Notably, Plaintiffs did not allege in the April 7 draft claims

of negligent misrepresentation or breach of fiduciary duty against the Non-Kleiner

Perkins Defendants.  On May 12, 2017, Plaintiffs filed their motion for leave to file

a Third Amended Complaint. (D.I. 353.)  Defendants filed an opposition to the

motion. (D.I. 389.)  On July 27, 2017, Chief Judge Smith of the United States

Court of Appeals for the Third Circuit, to whom this case was transferred after

Judge Robinson retired on July 14, 2017, heard oral argument on Plaintiffs'

motion.  On August 27, 2018, before Chief Judge Smith was able to rule on the

motion, the case was assigned to me.  I have reviewed the parties' written filings

and a transcript of the oral argument.

### THE PROPOSED THIRD AMENDED COMPLAINT

The proposed Third Amended Complaint is a patchwork of new and existing

claims, new and existing defendants, and new allegations of misstatements by

Fisker.  Plaintiffs seek to add five new defendants and four new claims.  The new

defendants are Orrick, Herrington & Sutcliffe LLP ("Orrick"), the law firm that

represents Henrik Fisker in this action, and four entities affiliated with Kleiner

Perkins, which I will refer to collectively as "the four Kleiner Perkins-related

entities."  The new claims are aiding and abetting fraud, negligent

misrepresentation, breach of fiduciary duty, and aiding and abetting breach of

fiduciary duty.

   The patchwork of amendments Plaintiffs seek leave to file can be

summarized in four categories.  Specifically, Plaintiffs seek to add in their Third

Amended Complaint:

(1) the four Kleiner Perkins-related entities as defendants in the existing
    common-law fraud claim;

(2) all seven existing Defendants and the four Kleiner Perkins-related entities
    as defendants in the new negligent misrepresentation and breach of
    fiduciary duty claims;

(3) Orrick, the four Kleiner Perkins-related entities, and existing defendant
    Kleiner Perkins as defendants in the new aiding and abetting fraud and
    aiding and abetting breach of fiduciary duty claims;[2] and

---

[2] Plaintiffs state in their motion that they seek to add only a single claim (aiding and abetting fraud) against Orrick.  (*See* D.I. 353 at 6 ("The Proposed TAC asserts

(4) new allegations of misstatements by Fisker.

Defendants do not object to the addition of the four Kleiner Perkins-related entities as defendants in the common-law fraud claim that was alleged in the Second Amended Complaint. But they oppose the filing of the proposed Third Amended Complaint to the extent it adds (1) Orrick as a party (*see* D.I. 389 at 8, 13-16); (2) four new causes of action (aiding and abetting fraud, negligent misrepresentation, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty) (*see id.* at 8, 11-13); and (3) six paragraphs that set forth new allegations of misstatements by Fisker. (*See id.* at 9, 16-19 (identifying as objectionable paragraphs 53, 54, 117, 142, 296, 297 of the proposed Third Amended Complaint)).

## DISCUSSION

In assessing the merits of Plaintiffs' motion, I will use the four categories of the proposed amendments set forth above. The parties agree that I should apply Rule 15(a) of the Federal Rules of Civil Procedure in determining whether to grant Plaintiffs leave to file most of the proposed amendments. But they disagree about

---

*a claim of aiding and abetting fraud against Orrick*[.]") (emphasis added); *id.* ("*The additional claim against Orrick is* based on facts Plaintiffs learned in discovery[.]")(emphasis added)). The proposed Third Amended Complaint attached to Plaintiffs' motion, however, identifies Orrick as a defendant in both the proposed aiding and abetting fraud claim and the proposed aiding and abetting fiduciary duty claim. (*See* D.I. 353-2 at 133, 135.)

whether Federal Rule of Civil Procedure 16(b) or Rule 15(a) governs Plaintiffs'

proposal to add negligent misrepresentation, breach of fiduciary duty, and aiding

and abetting breach of fiduciary duty causes of action.  Defendants argue that

because those claims were not included in the April 7 draft, the Stipulated Order

requires that Rule 16(b)'s "good cause" standard governs the addition of those

claims.  I will address this threshold issue first and then turn to the four categories

of proposed amendments.

## I.   Rule 15(a), Rule 16(b), and the Stipulated Order

As a general matter, Rule 15(a) governs the amendment of pleadings before

trial.  The rule provides that "[t]he court should freely give leave [to amend] when

justice so requires." Fed. R. Civ. P. 15(a)(2).  *See generally Foman v. Davis*, 371

U.S. 178, 182 (1962).  Rule 15(a) "embodies a liberal approach to pleading[,]" and

"[l]eave to amend must generally be granted unless equitable considerations render

it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202, 204 (3d Cir.

2006).   The relevant equitable factors include, but are not limited to, undue delay

or bad faith by the party seeking leave to amend, prejudice to the non-moving

party, futility of the proposed amendments, and judicial economy.  *See Mullin v.

Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017).  Prejudice to the non-moving party is

the "touchstone" for denial of leave to amend. *See id.* at 155.

Rule 16(b) requires district courts to impose a schedule and instructs that once the schedule is set, it "may be modified *only for good cause* and with the judge's consent." FED. R. CIV. P. 16(b)(4) (emphasis added). "Good cause" exists when the party seeking leave to amend exercised reasonable diligence in trying to comply with the scheduling order. *See WebXchange Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). Thus, "[i]n contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Id.* (internal citation omitted).

When a party seeks to amend a pleading after the scheduling order's deadline for pleading amendments has passed, the court will apply Rule 16(b) as opposed to Rule 15(a). *See id.*; *see also Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (approving district court's application of Rule 16(b)'s good cause standard to motion to amend pleadings after amendment deadline); *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x 82, 85 (3d Cir. 2005) (citing *Eastern Minerals* in rejecting argument that Third Circuit "ha[d] not adopted a 'good cause' requirement in determining the propriety of a motion to amend a pleading after the deadline [to amend] has elapsed").

Paragraph 1 of the Stipulated Order extended the deadline for Plaintiffs to seek leave to amend the Second Amended Complaint until May 12, 2017. Paragraphs 2 and 3 of the Stipulated Order made clear that the Court would apply

- 10 -

Rule 16(b) to determine whether Plaintiffs should be given leave to add allegations which bear on Plaintiffs' claims against the Non-Kleiner Perkins Defendants but were not contained in the April 7 draft. *See* D.I. 315 ¶2 (requiring Plaintiffs to set forth in the April 7 draft "any proposed amendments which bear on Plaintiffs' claims against the Non-Kleiner Perkins Defendants"); *id.* ¶3 (making clear that Rule 16 would apply to "additional allegations bearing on [Plaintiffs'] claims against the Non-Kleiner Perkins Defendants to the extent such allegations were not contained in the April 7 [d]raft").

Plaintiffs argue that the Stipulated Order "require[d] that [they] show good cause only for 'additional allegations,' not additional claims." D.I. 415 at 9. I reject this sophistry. An allegation encompasses a claim. *See Allegation*, BLACK'S LAW DICTIONARY (6th ed. 1990) (defining "allegation" as "[t]he assertion, claim, declaration, or statement of a party to an action[] . . ."). Litigants "allege" claims as well as facts. Although Plaintiffs were careful to say throughout their briefing on the pending motion that they sought leave to "assert" the claims in their Third Amended Complaint, in prior filings in this case they volunteered that they "alleged" the claims in their complaints. *See, e.g.,* D.I. 52 at 40 ("Plaintiffs have adequately alleged claims under Section 10(b)"); *id.* at 80 ("Plaintiffs allege a primary violation"); D.I. 75 at 4 ("The Court unambiguously sustained these

allegations against Koehler and the other Defendants (except McDonnell) based on the detailed facts pled in the Complaint.").

Defendants argue that because Plaintiffs did not set forth the negligent misrepresentation, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty claims in the April 7 draft, "Plaintiffs must make a showing of good cause pursuant to [Rule] 16(b)(4) before being permitted to assert any of those three causes of action." D.I. 389 at 8.  I agree that I should apply Rule 16(b) in determining whether to grant Plaintiffs leave to file these new claims *against the Non-Kleiner Perkins Defendants*.  But Defendants go too far when they argue that I should apply Rule 16(b) to Plaintiffs' proposed assertion of these three claims insofar as they are alleged against Orrick, the four Kleiner Perkins-related entities, and Kleiner Perkins.  *See* D.I. 389 at 7, 8.  "Non-Kleiner Perkins Defendants" is a defined term in the Stipulated Order, and it does not include Orrick, the four Kleiner Perkins-related entities, or Kleiner Perkins.

Plaintiffs propose to add the Non-Kleiner Perkins Defendants as defendants in two new claims — negligent misrepresentation and breach of fiduciary duty. They do not seek to allege the aiding and abetting breach of fiduciary duty claim against the Non-Kleiner Perkins Defendants.  Accordingly, I will apply Rule 16(b) in determining whether to grant Plaintiffs leave to add the negligent misrepresentation and breach of fiduciary duty claims against the Non-Kleiner

Perkins Defendants.  In deciding whether to grant Plaintiffs leave to file their other
proposed amendments, I will apply Rule 15(a).

## II.   PLAINTIFFS' PROPOSED ADDITION OF THE FOUR KLEINER PERKINS-RELATED ENTITIES AS DEFENDANTS IN THE FRAUD CLAIM

Defendants do not object to the addition of the four Kleiner Perkins-related
entities as defendants to the common-law fraud claim that was alleged as the fifth
claim for relief in the Second Amended Complaint.  I therefore grant Plaintiffs
leave to add those four parties as defendants in Plaintiffs' fifth claim for relief.

## III.   PLAINTIFFS' PROPOSED ADDITION OF THE SEVEN EXISTING DEFENDANTS AND THE FOUR KLEINER PERKINS-RELATED ENTITIES AS DEFENDANTS IN THE NEW NEGLIGENT MISREPRESENTATION AND BREACH OF FIDUCIARY DUTY CLAIMS

As noted above, to the extent Plaintiffs seek to allege these two new claims
against the five Non-Kleiner Perkins Defendants, I will apply Rule 16(b).  To the
extent Plaintiffs seek leave to allege these claims against the two Kleiner Perkins
Defendants and the four Kleiner Perkins-related entities, I will apply Rule 15(a).

Whether "good cause" exists under Rule 16(b) turns on the diligence of the
party seeking leave to amend.  *See WebXchange*, 2010 WL 256547, at *2.  I find
that Plaintiffs did not exercise reasonable diligence in waiting until May 2017 to
seek to add claims of negligent misrepresentation and breach of fiduciary duty
against the five Non-Kleiner Perkins Defendants.  Plaintiffs acknowledge that
these claims "are based on the same alleged conduct by Defendants that Plaintiffs

have consistently alleged since the inception of this action." D.I. 353 at 5; *see also*

*id.* at 4 (asserting that new claims are "based on the same conduct contained in the

operative complaint (and the original complaint)[]"). The inception of this action

occurred in December 2013; the first consolidated complaint was filed in July

2014; discovery began in early 2016; and the Second Amended Complaint was

filed in April 2016. Plaintiffs did not seek leave to file their Third Amended

Complaint until May 2017. Plaintiffs offer no explanation as to why they needed

almost three years to add claims which are based on the conduct they alleged in

their Consolidated Amended Complaint; nor do they explain why they waited more

than a year after filing their Second Amended Complaint to add these claims.

Accordingly, I deny them leave to add the new causes of action against the Non-

Kleiner Perkins Defendants.

Plaintiffs' undue delay also persuades me that, under Rule 15(a), I should

exercise my discretion to deny them leave to file these two new claims against the

Kleiner Perkins Defendants and the four Kleiner Perkins-related entities. "[D]elay

alone is an insufficient ground to deny leave to amend[]" under Rule 15(a),

*Cureton v. National Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001),

but "at some point, the delay will become 'undue,' placing an unwarranted burden

on the court or will become 'prejudicial,' placing an unfair burden on the opposing

party." *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984) (internal citations

omitted).   Thus, although Rule 15(a) embodies a liberal pleading philosophy, "the question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273.

In this case, as already noted, Plaintiffs offer no reason for why they waited almost three years after filing their Consolidated Amended Complaint and more than a year after filing their Second Amended Complaint to seek leave to add the negligent misrepresentation and breach of fiduciary duty claims.  That failure by itself is sufficient to justify denial of a motion for leave to amend.  *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) (noting that Third Circuit has "refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment").  Allowing the two claims to go forward would also inject new liability theories and legal issues into the case that would unfairly prejudice Defendants and lead to added litigation that would burden the Court at this late date.  I therefore will exercise my discretion under Rule 15(a) to deny Plaintiffs permission to add the negligent misrepresentation and breach of fiduciary duty claims against the Kleiner Perkins Defendants and the four Kleiner Perkins-related entities.

IV. **PLAINTIFFS' PROPOSED ADDITION OF ORRICK, THE FOUR KLEINER PERKINS-RELATED ENTITIES, AND THE EXISTING DEFENDANT KLEINER PERKINS AS DEFENDANTS IN THE NEW AIDING AND ABETTING FRAUD AND THE AIDING AND ABETTING BREACH OF FIDUCIARY DUTY CLAIMS**

### 1. *Orrick*

It is not clear from the record whether Plaintiffs seek to add one or two claims against Orrick. Plaintiffs' motion suggests that they seek to add only an aiding and abetting fraud claim against Orrick. *See* D.I. 353 at 6. But the proposed Third Amended Complaint attached to Plaintiffs' motion identifies Orrick as a defendant in both the proposed aiding and abetting fraud claim and the proposed aiding and abetting breach of fiduciary duty claim. *See* D.I. 353-2 at 133, 135. To the extent Plaintiffs have sought leave to add a claim of aiding and abetting breach of fiduciary duty, I deny the request since Plaintiffs have offered no explanation as to why leave should be granted.

Having weighed the Rule 15(a) equitable factors set forth in *Mullin,* 875 F.3d at 149-50, I will also exercise my discretion to deny Plaintiffs' request for leave to add Orrick as a defendant in the proposed aiding and abetting fraud claim. Prejudice to the non-moving party is the key factor here, and I find that the existing defendants would be significantly prejudiced if Orrick were added as a party at this late date. Orrick has understandably stated that if Plaintiffs were permitted to pursue aiding and abetting fraud and aiding and abetting breach of fiduciary duty claims against it, Orrick would mount a vigorous defense that would include a

motion to dismiss and "full discovery." D.I 389 at 14.   It would be impossible at
this late date, however, for Orrick to conduct meaningful discovery without placing
substantial financial burdens on the existing defendants.  The two sides of this
dispute have jointly informed the Court that "document discovery is largely
complete," Plaintiffs have already taken 24 depositions, and Defendants have
already deposed 12 of the 16 Plaintiffs. *See* D.I. 552 at 3 (Joint Status Report).
Permitting Orrick to re-open document discovery and re-depose the 12 Plaintiffs
and other witnesses — which Orrick should be entitled to do if named as a
defendant — would impose significant costs on the existing defendants.  I am
persuaded that those costs would make it unjust to grant Plaintiffs leave to add
Orrick as a defendant. *See Odyssey Waste Services, LLC v. BFI Waste Systems*,
2006 WL 2583591, at \*5 (E.D. Pa. Aug. 31, 2006) (denying leave to add as a new
defendant a non-party that had participated in the litigation because addition of
new defendant would force existing defendants "to incur substantial additional
costs in re-visiting the discovery process"); *Universal Comput. Consulting, Inc. v.
Pitcairn Enters., Inc.*, 2005 WL 1213884, at \*4 (E.D. Pa. May 18, 2005) (denying
leave to add new claims and a new defendant at the "eleventh hour" because
existing defendants would "incur additional costs by revisiting the discovery
process").

- 17 -

Plaintiffs' undue delay also weighs against granting it leave to pursue claims against Orrick.  Plaintiffs state in their motion that "[t]he additional claim against Orrick is based on facts Plaintiffs learned in discovery."  D.I. 353 at 6.  But they do not dispute that they learned these facts in February and May of 2016, *see* D.I. 389 at 15-16; and they make no attempt to explain why they waited more than a year after learning of these facts before they sought leave to file claims against Orrick. Plaintiffs' failure to explain the reasons for this delay persuades me that leave should be denied under Rule 15(a).  *See CMR D.N. Corp.*, 703 F.3d at 629.

In sum, because of Plaintiffs' undue delay and the prejudice the existing defendants would suffer if Orrick were added as a party at this late date, I will deny Plaintiffs' motion insofar as it seeks leave to add Orrick as a defendant.

### 2. *Kleiner Perkins and the Four Kleiner Perkins-related Entities*

Because Plaintiffs have already pled a common-law fraud claim against Kleiner Perkins, and Defendants have no objection to Plaintiffs adding the four Kleiner Perkins-related entities as defendants to that claim, I find that no party would be unfairly prejudiced by allowing Plaintiffs to add an aiding and abetting fraud claim against Kleiner Perkins and the four Keliner Perkins-related entities.  I see nothing in the record that would suggest that defending against Plaintiffs' common-law fraud claim would be materially different from defending against an aiding and abetting fraud claim.  I therefore will grant Plaintiffs leave to add the

aiding and abetting fraud claim against Kleiner Perkins and the four Kleiner Perkins-related entities.

A new aiding and abetting breach of fiduciary duty claim, on the other hand, would inject into the case new theories of liability and legal issues that would lead to further litigation that would burden the Court and, because discovery is largely completed and the case is now in its third year, unfairly prejudice the existing defendants. Moreover, Plaintiffs have offered no reason — let alone a cogent reason — as to why they waited more than three years from the inception of the case and more than a year after they filed their Second Amended Complaint to file a claim which they characterize as being based on the same conduct "contained in the operative complaint (and the original complaint)." D.I. 353 at 4. Accordingly, I will deny Plaintiffs leave to add an aiding and abetting breach of fiduciary duty claim against the Kleiner Perkins Defendants and the four Kleiner Perkins-related entities.

## V. PLAINTIFF'S PROPOSED NEW ALLEGATIONS OF MISSTATEMENTS BY FISKER

Defendants object to Plaintiffs' request for permission to add what Defendants describe as "broad new misstatement claims" in the proposed Third Amend Complaint. D.I. 389 at 9. Defendants identify six paragraphs of such misstatements in the proposed Third Amended Complaint that they deem objectionable (i.e., ¶¶ 53, 54, 117, 142, 296, 297). They argue that Plaintiffs

unduly delayed in alleging the misstatements in question and that introducing the

misstatements into the case will cause Defendants undue prejudice because

Defendants "will either have to go to the expense of re-deposing each of [the 12]

Plaintiffs [who have already been deposed] or be forced to forego those

depositions." D.I. 389 at 17.  Defendants say they would be further prejudiced if

Plaintiffs were allowed to use the new allegations "as an excuse to gain second

bites" at depositions of Defendants and other third-party witnesses already deposed

by Plaintiffs.  *Id.*

     I find that Plaintiffs did not unduly delay in seeking leave to add the new

misstatements in question.  All the misstatements relate directly or indirectly to

Fisker's dealings with the U.S. Department of Energy.  Plaintiffs did not receive

important documents on which they rely in alleging the new misstatements until

after November 15, 2016, when Judge Robinson granted in part their motion to

compel the Department of Energy to produce the documents.

     I also find that Defendants are not prejudiced unfairly by the addition of the

misstatements to the operative complaint.  Defendants do not explain why they

would be forced to question Plaintiffs about the new misstatements in order to

defend themselves.  I can understand that Defendants could be unfairly prejudiced

if Plaintiffs tried to use the new misstatement allegations as an excuse to re-depose

witnesses who were deposed after Judge Robinson granted in part Plaintiffs'

motion to compel; but if that circumstance were to arise, the Defendants could seek an appropriate protective order. *See generally* FED. R. CIV. P. 26(c)(1).

*****

For the reasons discussed above, I will grant in part and deny in part Plaintiffs' Motion for Leave to File Third Consolidated Amended Complaint. I will deny Plaintiffs leave to add (1) Orrick as a defendant (in Plaintiffs' proposed Sixth and Ninth Claims for Relief); and (2) claims of negligent misrepresentation, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty (Plaintiffs' proposed Seventh, Eighth, and Ninth Claims for Relief). I will otherwise grant Plaintiffs' motion.

I will enter an appropriate order consistent with this Memorandum Opinion.